MORTON D. WAINWRIGHT *vs.* HENRY M. JACKSON &
another.

Suffolk.    May 14, 1935. — May 16, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Proximate Cause. Negligence,* Violation of statute, Failure to provide
fire fighting appliances in apartment building. *Evidence,* Presump-
tions and burden of proof. *Landlord and Tenant,* Fire fighting appli-
ances. *Practice, Civil,* Rules of court, Requests, rulings and instruc-
tions.

In an action in the Municipal Court of the City of Boston, a request by
the plaintiff for a ruling that he was entitled to recover on all the evi-
dence was properly refused, both because it was not in conformity
with Rule 28 of the Municipal Court of the City of Boston (1932) and
also because the evidence raised questions of fact as to which find-
ings for the plaintiff were not required.

Assuming that failure by the landlord of an apartment building to pro-
vide appliances for extinguishing fires, in violation of G. L. (Ter.
Ed.) c. 143, § 24, was evidence of negligence on his part toward a
tenant in the building who was injured while escaping from a fire
therein, the landlord would not be liable to the tenant in tort unless
there was a causal relation between such failure and the tenant's
injuries; and a finding that there was such a causal relation was not
required where the fire started in the basement of the building and
gained headway so rapidly that nothing could be done to stop it ex-
cept to send for the fire department, and neither that tenant nor any
of the others even tried to find a fire fighting appliance to use as a
means of protection when the fire started.

TORT.    Writ in the Municipal Court of the City of Boston
dated May 29, 1933.

The action was heard in the Municipal Court by *Brackett,*
J.    Material findings by him are stated in the opinion.    He
found for the defendants.    A report to the Appellate Divi-
sion was ordered dismissed.    The plaintiff appealed.

*M. Witte,* for the plaintiff.

*J. H. Dooley,* for the defendants.

RUGG, C.J.    The plaintiff in this action of tort seeks to
recover compensation for personal injuries sustained by
him as a result of alleged negligence of the defendants.

The contention of the plaintiff is that the defendants, own-
ers of an apartment house in which the plaintiff was a
tenant, failed to provide the fire fighting appliances re-
quired by G. L. (Ter. Ed.) c. 143, § 24, that that failure
constituted negligence, and that such negligence was the
cause of his injuries. The trial judge found that the plain-
tiff was an occupant of an apartment in a house owned by
the defendants and was injured by reason of jumping from
a window on the second floor of the building in order to
escape injury by fire. The defendants neglected to perform
the duty imposed on them by G. L. (Ter. Ed.) c. 143, § 24,
requiring that the basement and each story of a building
like that in which the plaintiff lived "shall be supplied
with means of extinguishing fire . . . and such appliances
shall be kept at all times ready for use and in good condi-
tion." On the day in question fire of unknown origin
started in the basement of the building. About ten o'clock
in the evening the janitor of the building went to the base-
ment, banked his fires, and returned to his apartment which
was on the second floor of the three story building. After
being in his apartment about three or five minutes he
smelled smoke, found that the basement was a mass of
flames and smoke and that it was impossible for him to go
down. The fire gained headway so rapidly that he could
not do anything to stop it except to telephone the fire de-
partment, which was done at once. The trial judge found
that there was no negligence on the part of the plaintiff in
jumping from the window of his apartment, but upon all
the evidence he was "unable to find affirmatively that the
defendants' failure to provide appliances for fire protection
as required" by the statute "was the proximate cause of
or in any way causally related to the injuries sustained by
the plaintiff" since there was no evidence that the plaintiff
or any of the other tenants tried to use a fire extinguisher
or even to find one to use as a means of protection when the
fire broke out.

The trial judge denied the plaintiff's request for ruling to
the effect that "On all the evidence the plaintiff is entitled
to recover." This request was not in conformity to that

part of Rule 28 of the Municipal Court of the City of Boston (1932) of this tenor: "No review as of right shall lie to the refusal of a request for a ruling 'upon all the evidence' in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified." It was possible to make requests containing specifications touching the points argued by the plaintiff. *Reid* v. *Doherty,* 273 Mass. 388. *Holton* v. *American Pastry Products Corp.* 274 Mass. 268. *Duralith Corp.* v. *Leonard,* 274 Mass. 397, 400.

Passing that point, however, and considering the case at large, the plaintiff shows no error of law. It is manifest that questions of fact were raised on this record and that a ruling that the plaintiff was entitled to recover as matter of law could not rightly have been granted. Confessedly there was violation of a criminal statute on the part of the defendants. It may be assumed that that statute is available in appropriate cases for the benefit of tenants in an apartment house. *Jones* v. *Granite Mills,* 126 Mass. 84. The plaintiff therefore belonged to the class entitled to relief if suffering injury proximately caused by violation of the statute. *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489, 492. *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 516. *Milbury* v. *Turner Centre System,* 274 Mass. 358. Nevertheless, violation of a criminal statute is merely evidence of negligence. In order to be the basis of liability there must be established by evidence a causal connection between the violation of the statute and the injury to the plaintiff. *Gordon* v. *Bedard,* 265 Mass. 408, 411. *Falk* v. *Finkelman,* 268 Mass. 524, 527. *O'Connor* v. *Hickey,* 268 Mass. 454, 459. *Damon* v. *Scituate,* 119 Mass. 66. *Atchison, Topeka & Santa Fe Railway* v. *Toops,* 281 U. S. 351, 354. The general rule is that one cannot be held liable for negligent conduct unless it is causally related to injury of the plaintiff. Violation of law is regarded as a cause of injury only when the forbidden element in the conduct alleged to be negligent is the effective cause of the damage sought to be fastened on the defendant. *Stowe* v. *Mason,*

289 Mass. 577, 583. *Hathaway* v. *Huntley*, 284 Mass. 587, 592. *Bratton* v. *Rudnick*, 283 Mass. 556, 559. *Stone* v. *Boston & Albany Railroad*, 171 Mass. 536. The trial judge was not required to find that the violation of the statute by the defendants had a causal connection with the harm to the plaintiff. Whether it did or not was a question of fact. The circumstances of the fire already narrated warranted the finding of the trial judge. The case at bar is governed by *Ford* v. *Trident Fisheries Co.* 232 Mass. 400. *New York Central Railroad* v. *Grimstad*, 264 Fed. Rep. 334.

         *Order dismissing report affirmed.*