BERYL W. RICHMOND *vs.* WARREN INSTITUTION FOR SAVINGS.

HARRY B. RICHMOND *vs.* SAME.

Suffolk. November 4, 1940. — November 27, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Landlord and Tenant,* Common stairway, Lights, Landlord's liability to tenant. *Negligence,* Violation of law, One owning or controlling real estate. *Boston. Municipal Corporations,* Officers and agents. *Public Officer.*

There is in the law of this Commonwealth no doctrine of "negligence *per se,*" whereby a penal statute, designed to secure safety, is held to create to the extent to which it applies a new standard of care other than and different from due care in the circumstances, so that violation of it is regarded as in itself necessarily a negligent act upon which a liability as for negligence can be predicated; violation of such a statute creates a new civil cause of action here only when such a legislative intent appears from its express terms or by clear implication. Per QUA, J.

Violation by the landlord of an apartment house of G. L. (Ter. Ed.) c. 143, § 23, through the presence of an obstruction on a common stairway would not create a civil duty and obligation to a tenant injured by the obstruction apart from the landlord's common law duty and obligation, if any.

In the absence of a special agreement to keep a common stairway clear of obstructions, the landlord of an apartment house owed no duty to a tenant to remove objects left thereon by someone other than the landlord or his agent; and therefore in an action by the tenant against the landlord for personal injuries sustained through falling over an object so left, violation by the defendant of G. L. (Ter. Ed.) c. 143, § 23, would not be evidence of his negligence.

It was proper to instruct a jury, that, if the building commissioner of Boston "personally did not pass" upon the matter "but left it to somebody else in the office to pass upon it," a certain stairway in an apartment house was not lawfully "designated by" him as a "main stairway," so as to require it to be "kept lighted during the night" under the provisions of the building law of the city, St. 1907, c. 550, § 45, as amended by St. 1924, c. 136.

TWO ACTIONS OF TORT. Writs in the Superior Court dated June 11, 1937.

The actions were tried together before *Burns*, J.

*A. E. Yont*, for the plaintiffs.

*E. Field*, (*W. F. Casey* with him,) for the defendant.

QUA, J. The first action is for personal injuries sustained by the plaintiff on December 5, 1936, as the result of a fall caused by an obstruction in a common hallway and upon a common stairway in an apartment block in Boston owned by the defendant. The second action is by the husband of the plaintiff in the first action to recover consequential damages for the same injury. There were verdicts for the defendant.

The plaintiffs' exceptions to orders sustaining demurrers to an amended second count in their declarations need not be separately discussed, since it is apparent from the record that the trial of the cases was not affected by these orders, and that the substantial question presented by the demurrers is raised by exceptions taken at the trial which are dealt with fully later in this opinion.

At the trial there was evidence that the plaintiffs occupied an apartment in the defendant's building, and that between 6 and 6:30 P.M., as the female plaintiff was returning to the apartment, and as she started to ascend the stairs, she fell as the result of getting her foot caught in the spokes of the wheel of a bicycle that had been left in the lower hallway, with one of its wheels "on the lower stair," and the rest "curved around."

The plaintiffs excepted to an instruction to the jury that G. L. (Ter. Ed.) c. 143, § 23, "has no application whatever to this case" and to the refusal of the judge to instruct the jury in substance that this section did apply to these cases. The section reads as follows: "Every stairway of every building shall be kept free and unobstructed, and any person who permits any article to remain in any stairway of any building in such a manner as may impede the egress of any person lawfully in said building or the ingress of any person lawfully entitled to enter said building shall be punished by a fine of not more than five hundred dollars.

The existence of any article in any such stairway in any building shall be prima facie evidence that it was placed or permitted to remain therein by the owner, lessee, tenant or occupant of the building."

The ruling that this section did not apply to these cases was correct. . The section created no new liability enforceable by civil action for damages. This is a penal statute, violation of which is punishable by a fine. It is part of a chapter of the General Laws which contains many provisions for the inspection and regulation of various types of buildings, enforceable, for the most part, through the imposition of specified penalties. Section 23 does not, either by its express terms or by reasonable implication, purport to impose a civil liability or to affect the mutual relations and duties of landlords and tenants as between each other. There is in this Commonwealth no doctrine of "negligence *per se*," whereby a penal statute designed to secure safety is held to create to the extent to which it applies a new standard of care other than and different from due care under the circumstances, so that violation of it is regarded as in itself necessarily a negligent act upon which a liability as for negligence can be predicated. Such a statute creates a new civil cause of action only when that appears by express terms or by clear implication to have been the legislative intent. *Wynn* v. *Sullivan*, 294 Mass. 562, 566. Statutes of a similar nature were held not to create new causes of action in *Palmigiani* v. *D'Argenio*, 234 Mass. 434; *Vallen* v. *Cullen*, 238 Mass. 145; *Garland* v. *Stetson*, 292 Mass. 95, 100; *Wynn* v. *Sullivan*, 294 Mass. 562; and *Heilbronner* v. *Scahill*, 303 Mass. 336, 338. That it was not the legislative intent to create a civil cause of action for violation of § 23 further appears from the fact that § 51 of the same chapter does expressly create civil causes of action for violations of certain other sections of the chapter, but not including § 23.

Violation of the statute had no effect as evidence of negligence. There can be negligence only with relation to a duty to exercise care, and as the statute creates no new duty of care as between landlord and tenant the duty of

care, if any, in this case must be that existing at common law. See cases cited in the preceding paragraph and also *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344, 347. There is at common law, in the absence of special agreement, no duty on the part of a landlord to see that articles not part of the building are not left on common stairways by persons other than himself or his agents or employees. His duty relates to the condition of the premises themselves as compared to their condition when the tenancy began. *Caruso* v. *Lebowich,* 251 Mass. 477. *Palladino* v. *De Stefano,* 258 Mass. 12. *Hunter* v. *Goldstein,* 267 Mass. 183. *Prushensky* v. *Pucilowski,* 269 Mass. 477, 480. *Martin* v. *Rich,* 288 Mass. 437. The only testimony as to how the bicycle came upon the stairs and in the hallway was the testimony of a boy who lived in the building that he had borrowed it from a friend and had left it there for a period of about twenty minutes. There was no evidence that the defendant or its employees had anything whatever to do with the presence of the bicycle. The last sentence of ·§ 23 itself cannot be held to supply such evidence from the mere presence of the bicycle. It is difficult to believe that the Legislature, which in our opinion did not see fit to make this section applicable to civil cases for the purpose of imposing a liability, did intend that this last sentence should be used in civil cases for a purpose so limited as the making of a violation merely some evidence of negligence. Full scope exists for the operation of this sentence in criminal prosecutions for violation of the section. But even if this sentence has force in civil cases it reads in the alternative. It makes the presence of the article *prima facie* evidence either that it was "placed" or that it was "permitted to remain" by the owner. But the landlord's common law duty of care in the absence of agreement, is merely to refrain from placing a dangerous article in the common stairway. He is under no common law duty of care not to "permit it to remain," if placed there by one for whose conduct he is not responsible. In addition to cases previously cited in this paragraph, see *Watkins* v. *Goodall,* 138 Mass. 533, 536. It may not be wholly without significance

that § 23 was not mentioned in any of the cases herein cited to which it would have been applicable, if the plaintiffs' contention is sound. From what has been said it follows that this statute has no bearing upon the cases at bar in any aspect.

The plaintiffs excepted to an instruction to the jury that the stairway in question was not lawfully "designated by the building commissioner" as a "main stairway," so as to require it to be "kept lighted during the night" under the provisions of the building law of the city of Boston, St. 1907, c. 550, § 45, as amended by St. 1924, c. 136, if the commissioner "personally did not pass" upon the matter "but left it to somebody else in the office to pass upon it." There was evidence to the effect that the designation in this instance had been made by the chief clerk in the building commissioner's office, who had affixed a rubber stamp bearing the commissioner's name, but that this designation had never been called to the personal attention of the commissioner, and that he had never personally acted upon it, although he had "a matter of years before" given the clerk a general authority to affix the commissioner's signature in instances like this when the inspector's report "showed nothing out of the ordinary." The ruling was correct and in accord with the recent decision in *Sodekson* v. *Lynch*, 298 Mass. 72.

No error appears in excluding questions as to previous complaints by the female plaintiff to the "representative of the owner" and to "the janitor" about "the condition of the lights" and "with reference to obstructions in the hallway." We are not sure that the plaintiffs intended to argue these exceptions, but if they did there was no offer to prove what was said to the "representative of the owner," what authority the "janitor" had, or how long before the accident any complaints were made. It does not appear that answers to the excluded questions would have yielded any evidence near enough in time and circumstance to have been competent. In each case the entry will be

*Exceptions overruled.*