EDITH MARIE ROSS, administratrix, vs. SARAH BROITMAN.

Suffolk.  January 5, 1959. — April 6, 1959.

Present: RONAN, SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Negligence*, One owning or controlling real estate, Fire, Violation of law.
  *Proximate Cause.  Landlord and Tenant*, Portion of premises in con-
  trol of landlord, Fire.  *Practice, Civil*, Auditor: striking matter from
  report; Requests, rulings and instructions.  *Fire*.

At the trial of an action to recover for the death of the plaintiff's intestate,
  where the judge struck out of an auditor's report the auditor's "view
  of the law upon which . . . [his] finding depends," there was no
  error in the judge's refusal to also strike out of the report a finding
  of negligence of the defendant contributing to cause the intestate's
  death and a finding for the plaintiff for stated damages.  [771–772]
Evidence in an action for death that a common hallway of an apartment
  building owned by the defendant was in her control, that a large accu-
  mulation of paper and cardboard in the hallway, not shown to have
  been placed there by the defendant or her agent, had been in plain
  view and its presence there known to the defendant for some weeks
  or months, and that when a fire started in an adjacent apartment
  occupied by a tenant the accumulated material intensified the fire and
  caused it to spread through a window at the rear of the hallway to an
  adjoining apartment building, where it reached an apartment and
  brought about the death of the plaintiff's intestate, warranted find-
  ings that the defendant was negligent in permitting maintenance of
  the accumulated material in the hallway and that such negligence was
  a proximate cause of the death of the plaintiff's intestate.  [772–773]
At the trial of an action for death at which the judge instructed the jury
  properly on the effect of a violation of a certain statute as evidence of
  the defendant's negligence, there was on the record no error in refus-
  ing correct instructions requested by the defendant to the effect that
  the statute did not create any new duty of the defendant to the plain-
  tiff's intestate apart from the defendant's common law duty and that
  a violation of the statute did not itself create a civil liability on the
  part of the defendant.  [773–774]
At the trial of an action to recover for the death of the plaintiff's intestate
  in an apartment building as a result of a fire which started in a rented
  apartment in an adjoining apartment building owned by the defend-
  ant, a violation of G. L. c. 148, § 24, by the defendant could be found in
  that a common hallway under her control in her building had been
  used for some weeks or months, to her knowledge although not by

herself, for the storage of a large accumulation of paper and cardboard which intensified the fire and caused it to spread to the other building, and such violation would be evidence of negligence on her part toward the plaintiff's intestate. [774–775]

TORT. Writ in the Superior Court dated April 30, 1956. The action was tried before *Cahill,* J.

*Joseph G. Schumb,* (*Harold Markel* with him,) for the defendant.

*Arthur Brogna,* for the plaintiff.

WHITTEMORE, J. In this action of tort the plaintiff had verdicts for the conscious suffering and death of the plaintiff's intestate, Donna Marie Ward, in a fire in premises of the defendant. The defendant excepted to the denial of a motion for a directed verdict, to the refusal to give certain requests, to instructions given, and to the denial in part of a motion to strike material from the auditor's report.

The evidence permitted the jury to find as follows: The fire occurred on May 12, 1955, in two adjoining, attached, wooden frame, three apartment buildings, 1 Milton Street and 35 Spring Street, Boston, owned by the defendant. The fire started in the first floor apartment at 1 Milton Street occupied by a tenant, Antony Calafano, whose business was dealing in junk. A large accumulation of paper and cardboard (about five feet high and twelve feet long) in the first floor common hallway, at 1 Milton Street, which was in the control of the defendant, had been in plain view and known to the defendant for some weeks or months. This accumulated material created an intensity in the fire which caused it to spread through a window at the rear of the hallway to the building at 35 Spring Street. The fire reached the third floor apartment of the plaintiff's mother at 35 Spring Street and there caused the death of the plaintiff's intestate. There was no evidence that the defendant, her agents or servants, had placed the paper and cardboard in the hallway.

1. The trial judge on motion of the defendant struck from the auditor's report the words "[t]he view of the law upon which my finding depends is that the defendant was

negligent in permitting the hallway under her control on
the first floor of the building owned by her at 1 Milton
Street to be used for the storage of inflammable materials,
which were or might become, dangerous to the public safety
as a fire menace in violation of the provisions of . . . G. L.
c. 148, § 24, and under such circumstances and conditions
that a fire might likely result therefrom, or become intensi-
fied, or uncontrollable thereby, and that such negligence was
a contributing cause of the spread of the fire to 35 Spring
Street and the resulting conscious suffering and death."
The defendant contends that the judge should therefore
also have struck out the words "and that the defendant was
guilty of negligence, which created a fire hazard that was a
contributing cause of the spread of said fire to the building
at 35 Spring Street and of the conscious suffering and death
of Donna Marie Ward," and the words, "I find for the
plaintiff and assess damages in the amount of five hundred
dollars ($500) for conscious suffering and five thousand
dollars ($5,000) for the death." We disagree.

General Laws c. 221, § 56, requires that the court "ex-
clude any finding of fact which appears in the report to be
based upon an erroneous opinion of law, or upon inadmissi-
ble evidence." That the judge did not strike the conclu-
sions in respect of negligence shows that he did not deem
these conclusions to be based on an erroneous view of the
law or inadmissible evidence. The judge's action in striking
the material from the report shows in the circumstances
that he believed it inadvisable to give to the jury the audi-
tor's "view of the law." This was consistent with the
judge's function to instruct the jury as to the law. There
is no exception before us to the act of striking the material
which was deleted. We intend no suggestion.

2. There was no error in denying the motion for a directed
verdict. In *Chalfen* v. *Kraft*, 324 Mass. 1, 4-5, we ruled
that the defendant, in possession and control of the cellar
of a three apartment building, owned by him, with a janitor
in charge of the heating equipment therein, was subject to
the rule "that a person in control of a building must exercise

reasonable care to keep it in such condition that others will not be injured." We pointed out that the duty does not arise out of landlord and tenant relationship and extends as much "to an occupant of another part of the building, whether the negligent person be landlord or tenant, as it does to an adjoining proprietor or to a traveller on the highway." We think that the defendant's control of a common hallway is not to be distinguished from an owner's control of a cellar, and that the employment of a janitor is immaterial. We rule that it was a question for the jury whether the defendant should have contemplated that a fire or an intensified fire was a probable happening from the maintenance of the paper and cardboard in the hallway. See *Mitchell* v. *Lonergan,* 285 Mass. 266, 270–271; *Commonwealth* v. *Welansky,* 316 Mass. 383, 401. In *Stone* v. *Boston & Albany R.R.* 171 Mass. 536, where oil, delivered for transportation, was kept on a platform longer than allowed by Pub. Sts. c. 102, § 74, and a fire resulted from the careless act of a visitor, the majority of the court (p. 543) ruled for the defendant on the ground that the fire was not the probable consequence of the defendant's negligence, since the result was unusual and unlikely. We think the principles of causation enunciated by Knowlton, J., in his dissent (p. 545) are applicable to the case now before us. See, as to the *Stone* case, *Geraci* v. *A. G. Tomasello & Son, Inc.* 293 Mass. 552, 555. Compare, generally, *Kaufman* v. *Boston Dye House, Inc.* 280 Mass. 161, 168; *Little* v. *Lynn & Marblehead Real Estate Co.* 301 Mass. 156, 160–161.

The principle that an owner in control of a common passageway does not have a duty, in the relationship of landlord and tenant, to remove objects placed therein by others (see *Richmond* v. *Warren Inst. for Sav.* 307 Mass. 483, 486 [a bicycle]) is not applicable to this case.

3. There was no error in respect of requested rulings and instructions given. It is true that the defendant's requests numbered 4 and 5 correctly stated the law. "'4. Violation of G. L. c. 148, § 24, does not create any civil liability by the defendant to the plaintiff. '5. Chapter 148, § 24, created

no new duty of care owed by the defendant to the plaintiff other than that existing at common law." It is well established that such a statute, although its violation by a person to whom it applies is evidence of negligence (*Wainwright* v. *Jackson,* 291 Mass. 100, 102), does not in itself create a new obligation. *Richmond* v. *Warren Inst. for Sav.* 307 Mass. 483. But the judge properly instructed (see *infra*), "The violation of a statute is some evidence of negligence, although not conclusive. To base recovery upon it, it (that means the violation) should be an effective and contributing cause of the injury or damage and not merely an attendant circumstance." At the close of the charge in dealing with the plaintiff's requests he read the statute[1] and expounded its meaning. He then read the plaintiff's request numbered 2 as follows: "'If the defendant knew or by reasonable inspection should have known that the common passageway under her control on the first floor dwelling house at 1 Milton Street was being used for the storage and keeping of newspapers and cardboard that may become dangerous to the public safety as a fire menace and that she did nothing to remove them, then the defendant herself as owner of the premises may be found' (and whether she is or not is entirely up to the jury) 'to have violated G. L. c. 148, § 24.'" The judge also then read the plaintiff's request numbered 3, the substance of which he had already stated. The plaintiff did not contend that the statute created a duty. There was no occasion to embark on an unnecessary and possibly confusing exposition of the law in respect of what the statute did not do.

There was no error in the instructions with respect to the violation of the statute. The violation was evidence of neg-

[1] General Laws c. 148, § 24, provides: "No part of any building used for habitation nor that part of any lot within fifty feet of any building so used shall, except as permitted by section twenty-three, be used for the storage, keeping or handling of any article or material that is or may become dangerous to the public safety as a fire menace, and no part of any such building shall be used as a carpenter shop or paint shop, nor for the storage, keeping or handling of excelsior, shavings, sawdust, cotton, paper stock, feathers or rags, except under such terms and conditions as the head of the fire department may prescribe in writing."

ligence in that a part of the defendant's building which was in her control was being used for the storage of paper which the jury could find was a fire menace. "Paper stock" is mentioned in the statute. The defendant knew that her building was being so used. The case of *Little* v. *Lynn & Marblehead Real Estate Co.* 301 Mass. 156, is distinguishable for there the inflammable material was on the premises in the control of a tenant and the defendant did not know of it. The opinion (p. 161) points out that there is no general provision in c. 148 that the owner cause the requirements to be complied with. Compare *Chase* v. *Proprietors of Revere House*, 232 Mass. 88, 95. Here the statute spoke to the defendant as the person owning and in control of the place of violation. It is helpful in construing the statute to recall that a person who maintains a public nuisance, not created by him, is liable therefor, *Fuller* v. *Andrew*, 230 Mass. 139, 146, and that he who continues a private nuisance on his premises, not created by him, after notice to abate or knowledge that it is a nuisance and injurious is also liable. *Maynard* v. *Carey Constr. Co.* 302 Mass. 530, 533, and cases cited.

There was no error in reading and expounding the statute. The plaintiff's request numbered 2 as given was sufficiently precise. The statute is not limited, in its application, as the defendant contends, to her own use of the premises for storing paper.

What we have said shows that neither request numbered 1 nor request numbered 6[1] could have been given. Request numbered 2 (no duty on the defendant to prevent the spread of the fire until she had notice of it) was inapplicable.

*Exceptions overruled.*

---

[1] "1. There was no responsibility on the part of the defendant, outside of any provision of any statute, to remove from the premises anything which was put thereon by any person other than the defendant or her agents or servants." "6. Even though the defendant knew of or should have known of the presence of paper and cardboard in the hallway of the premises at 1 Milton Street prior to the fire, the defendant is not liable for the spread of the fire and the ultimate death of the plaintiff's intestate."