CAROL ANN MILCH & another *vs.* BOSTON CONSOLIDATED GAS COMPANY
(and a companion case[1]).

Suffolk.     April 4, 1960. — June 24, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence,* Gas.    *Evidence,* Opinion: expert.

In an action for injuries sustained by the plaintiff in a fire and explosion in an apartment building five days after the defendant, which furnished the building with illuminating gas, was notified of a gas leak and adjusted the burners and straightened the manifold of a gas kitchen range in an apartment, it was error to deny a motion of the defendant to strike from the report of an auditor, whose findings were not to be final, conclusions that "the explosion resulted from gas on the premises and was caused by the failure of the defendant . . . to repair the gas leak, which was called" to its attention, where nothing in the subsidiary findings justified a conclusion that there existed a leak of the defendant's gas on the day of the explosion; and a finding of negligence on the part of the defendant was not warranted by the auditor's report with the improper conclusions deleted and by the other evidence introduced at the trial.    [233]

Opinion testimony by a qualified expert witness that an explosion in an apartment building was caused by a leak of illuminating gas furnished to the building by the defendant, given in answer to a hypothetical question assuming facts deducible from the evidence but embodying no facts sufficient to form a basis for the opinion, had no evidential value. [233]

TWO ACTIONS OF TORT.    Writs in the Superior Court dated September 17, 1954, and November 7, 1955.

The actions were tried together before *Swift,* J.

*Robert W. Cornell,* for the defendant.

*William R. Whalon,* (*Joseph Alter* with him,) for the plaintiffs.

———

[1] The companion case is by Leon Sterling and Theone Georgountzos against the same defendant.

Milch *v.* Boston Consolidated Gas Co.

COUNIHAN, J.   These are actions of tort, in the first of which Carol Ann Milch seeks to recover damages for personal injuries sustained by her by reason of a fire and an explosion caused by the negligence of the defendant in permitting its illuminating gas to escape into the apartment building in which she lived; in the same action Norbert F. Milch, her father, seeks to recover consequential damages because of injuries to Carol and property damage.   In the second action the other plaintiffs seek to recover property damage arising out of the same fire and explosion.   All of the plaintiffs were tenants or occupants of a three story wooden apartment house at 1458 Blue Hill Avenue, Boston, on April 5, 1954, when the fire and explosion occurred.

The actions were referred to an auditor whose findings of facts were not to be final.   In his report he concluded that "upon the foregoing facts found and reasonable inferences to be drawn therefrom, I find that the explosion resulted from gas on the premises and was caused by the failure of the defendant . . . to repair the gas leak, which was called" to its attention.   Before trial the defendant's motion in each case to strike the conclusions of the auditor in his report was denied subject to the exception of the defendant. Thereafter the actions were submitted to a jury upon the auditor's report together with additional evidence offered by the parties, and the jury returned a verdict for each plaintiff.

The actions come here upon exceptions of the defendant to the denial of its motions for directed verdicts, to the denial of its motions to strike part of the auditor's report, to rulings on evidence, and to the refusal to give certain requests for instructions.[1]   There was error.

The facts, including those found by the auditor, in their aspects most favorable to the plaintiffs, may be summarized

---

[1] "2.   The findings of fact made by the auditor only, and not the conclusions drawn from such findings, are evidence of such facts.

"3.   . . . The jury is to disregard the findings of negligence made by the auditor."

"11.   There is no evidence for the jury to consider from which it may find that an escape of gas during the fire was due to the defendant's negligence."

as follows: On March 31, 1954, the wife of Sterling, who lived in the second floor apartment, noticed an odor of gas in her apartment which she immediately reported to the defendant. Shortly thereafter an employee of the defendant came to the apartment. He perceived no odor of gas other than in the kitchen. He went to the gas range in the kitchen and examined the burners and the oven. He made some adjustments in burners and straightened the manifold on the range and left saying "O.K., now sign the slip." He made no further investigation as to the cause of the odor of gas of which Mrs. Sterling complained and no inspection of the gas pipes and fittings elsewhere in the building.

At about 4:50 P.M. on April 5, 1954, Mrs. Sterling noticed a flash or lighting up in the den of the apartment and flames coming up between a chair and a table. She called the fire department at once and then left the apartment with her small child. Shortly afterward she heard an explosion and observed shattered glass falling about the time the firemen arrived. They immediately completely ventilated the building. As a result of the explosion the walls of the rooms on all floors appeared to have been blown inward and plaster from all the ceilings was blown down.

After the fire and the ventilation of the building a negative reading for gas in the cellar was taken. At about the same time holes were dug in the ground near the front wall of the building, close to the spot where gas pipes entered the building. A meter test for explosive gas in these holes showed indications of the presence of explosive gas in the ground.

A qualified expert witness called by the plaintiffs, over the exception of the defendant, testified in answer to a hypothetical question, which fairly embodied facts adduced from the evidence in the cases, that in his opinion the cause of the explosion was illuminating gas mixed with air.

Certain qualified members of the Boston fire department were unable to determine the kind of gas which caused the explosion, but they ruled out a hot air explosion or one caused by the products of incomplete combustion.

1.   In the first place we think that the defendant's motion to strike the conclusions of the auditor relative to the negligence of the defendant should have been allowed.   Nothing appears in the subsidiary findings of the auditor to warrant the conclusion that a leaking of the defendant's gas existed on the day of the explosion.   The mere fact that there was no evidence of any cause of the explosion other than gas is not sufficient to warrant the conclusion of the auditor.

2.   Disregarding other exceptions of the defendant we are of opinion that the judge erred in denying the motions of the defendant for directed verdicts.   Considering all of the evidence, including the report of the auditor with the deletions noted above, we are not satisfied that there was sufficient evidence of negligence of the defendant to warrant the judge in submitting these cases to the jury.   There was no evidence of any odor of gas or of the existence of any gas leak in any part of the premises occupied by Mrs. Sterling after the employee of the defendant adjusted the burner in the gas range in Mrs. Sterling's apartment on March 31, five days before the explosion.

It is true that in answer to a very long hypothetical question a qualified expert testified that in his opinion the explosion was caused by a leak of illuminating gas furnished by the defendant.   We are satisfied that the facts assumed in the hypothetical question were deducible from the evidence in the cases.   The real issue is whether such facts were enough to permit the expert to give an opinion that escaping gas of the defendant was a more probable cause of the explosion than any other cause.   "A mere guess or conjecture by an expert witness in the form of a conclusion from basic facts that do not tend towards that conclusion any more than towards a contrary one, has been held to have no evidential value."   *Ruschetti's Case,* 299 Mass. 426, 431.   *Nass* v. *Duxbury,* 327 Mass. 396, 400–402.

In the instant cases there were no facts embodied in the hypothetical question sufficient to form a basis for the opinion of the expert.

*Exceptions sustained.*
*Judgments for the defendant.*