*Northern District*
No. 5875
**RICHARD C. FLOOD**
v.
**THOMAS A. PALUMBO, ET AL**
Filed August 20, 1964

*Present*: Eno, J. (Presiding), Connolly & Parker, JJ.

Case tried to *DiVito, J.* in the First District Court of Southern Middlesex. No. 1192-R.

*Parker, J.* This is an action of tort by which the plaintiff seeks to recover damages for negligent maintenance of property under the defendants' control. Defendants' answer is: (1) general denial; (2) contributory negligence; and (3) assumption of risk.

It was agreed that the defendants were owners of the property where the accident happened and that the plaintiff was a tenant at will.

*There was evidence upon which the court found* that the defendants owned a two family house in Framingham and that the plaintiff was a tenant at will on the second floor paying $95.00 per month plus the gas and electric bills, but that the water bill was paid by the defendants. There was a common cellar in which were located one furnace and one gas hot water heater for each apartment. *There was evidence that* the hot water heater which supplied the plaintiff's apartment had on accasions gone out, and that the male defendant

had been requested to light it by plaintiff or the plaintiff's wife on several occasions, and that he had done so, the last time being one week before the accident which happened on 1 January 1963. *There was evidence upon which the court found that* on that day, the plaintiff went to the cellar to determine whether the gas heater was lighted, because there was no hot water in his apartment, and that when he looked at the heater, he saw no light. The plaintiff then pressed a button for twenty seconds, struck a match and applied it. The explosion followed, which the court found caused injury to the plaintiff. *There was evidence that* the male defendant did not call the gas company on the occasions when the gas heater was relit by him. There was evidence upon which the court found that after the accident, the defendants called the gas company and that the repairman who came and inspected the heater found the safety gone and shut the gas off, and told the defendants that he had done so, and the defendants subsequently had it repaired.

The court found that the hot water heater was under the control of the defendants and that the defendants knew or in the exercise of proper care and diligence ought to have known that the hot water heater was unsuitable and improper in season to have it remedied and the defendants did not exercise the due care required and were negligent, and that the plaintiff was not negligent. The court found for the plaintiff.

The defendant filed 7 requests for rulings. Request #6 was granted. Requests ##1, 2, 3, 4, 5, and 7 were denied on the basis of the court's findings. The defendants' requests denied are as follows:

1. The evidence does not warrant a finding that the defendants, their agents or servants were negligent.
2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.
3. The evidence does not warrant a finding that the negligence of the defendants proximately caused the alleged injuries and damage.
4. As a matter of law, the defendants breached no legal duty owed by them to the plaintiff.
5. The evidence does not warrant a finding other than that the heater was under the control of the plaintiff at the time of the alleged accident.
7. The evidence does not warrant a finding that the defendants knew or should reasonably have had knowledge that the safety was gone on the heater.

We are of the opinion that there was no error in the denial of the defendant's request for ruling #5. Its substance is that as a matter of law, the evidence requires a finding that the heater was under the control of the plaintiff. The report shows that there was evidence that the male defendant, at least on three occasions between September 1962 and the date of the accident, had on the

request of the plaintiff or his wife, lit the heater, and further that after the accident the defendants had called the repairman who reported to the defendants and that the defendants had the heater repaired.

This evidence would warrant the finding on the question of the defendants' control of the heater, and there was no error in the denial of the defendants' request #5. It was a question of fact for the court to determine. The cases are legion and it needs no citation that on the question of a determination of fact, the findings of a court will be sustained unless plainly wrong. The court was not plainly wrong in its findings of fact on the point of the plaintiff's control.

■ The defendants' request #1 in substance is that as a matter of law, the evidence does not show that the defendants were negligent. There was evidence that the defendants had control of the heater and the court so found. (See our action on request #5 *supra*). The action of the male defendant in relighting the pilot light three times during a period running from September to almost through December at the request of the plaintiffs does not constitute negligence on his part. The only argument that it does, arises from the fact that there was an explosion within a week of the last time the male defendant relit the pilot light. This explosion came after the plaintiff had pressed a button for a period of twenty seconds and then applied a light to the burner. The fact that the repair man found the safety

unattached to the burner does not help the plaintiff's case for there is absolutely no evidence to show when it came off (before,—at the time of,—or subsequent to the explosion). There is no evidence that the defendant knew it was off or should have known that it came off. Further, there was no evidence of how the safety performed or failed to perform, nor what the "safety" made safe.

The plaintiff lit the light after pressing the button for twenty seconds. The defendant did not do this and record shows that his last action was to relight the pilot one week before the explosion. We fail to see that the evidence warrants a finding that the defendants were negligent. The mere fact that there was an explosion from gas does not show that it was caused by the defendants' failure to repair the burner. *Milch v. Boston Consolidated Gas Co.,* 341 Mass. 230.

The denial of the defendants' request #1 was error.

■ Since we find no negligence on the part of the defendants, the defendants' request #3 should have been granted. Even if the defendants were negligent, we are of the opinion that the intervening act of the plaintiff, namely the pressing of the button for twenty seconds and then applying a light to the burner was his intervening act, which caused the accident. *Horan v. Watertown,* 217 Mass. 185, 186.

■ Again assuming that the defendants were negligent, there is no causal connection

between what the defendants did or did not do and the explosion. The cause was the act of the plaintiff not the defendant. *Warner* v. *Holyoke Water Power Co.*, 347 Mass. 781; *Fallstrom, Jr.* v. *Brady Electrical Company, Inc.*, 347 Mass. 600; *Clough* v. *N. E. Tel. & Tel. Co.*, 342 Mass. 31, 36.

The denial of the defendants' request #3 was error.

■ The defendants' request #2 calls for a ruling that as a matter of law the plaintiff is guilty of contributory negligence. The report shows that on the previous occasions, the plaintiffs had requested the defendant to relight the pilot and that the defendant had done so. The plaintiff on this occasion, just before the explosion, as stated in the report, "pressed a button for twenty seconds and then struck a match and stuck it in the furnace and flame flashed out around his head and shoulders". There was no evidence that before doing so he advised the defendants of the failure of the hot water or asked either of the defendants to go with him to the heater or to light it. His procedure was not what he had done before, nor what the defendants might have reasonably expected him to do, which had been to contact them and they would light the pilot light. The plaintiff's action was solely for his own ends and he was not mislead by any act of the defendant. *Osgood* v. *Therriault,* 290 Mass. 513, 516.

There was no evidence that the plaintiff had ever lit the heater before or that he had

asked the defendants to instruct him about how to light it. He proceeded to do so himself and we are of the opinion that by so acting, he assumed the risk and was contributorily negligent. *Lanstein v. Acme White Lead & Color Works*, 285 Mass. 328.

The court in its finding states the plaintiff "pressed on the red button attached to the heater for the required twenty seconds, struck a match and applied it". The report states no evidence that twenty-seconds was required nor does it state any evidence from which such a requirement may be inferred. There is no evidence as to what the button did to the gas, the heater or the flame. The defendants' request #7 should have been granted.

The only evidence reported is that after the explosion "a repairman came and inspected the heater and found the safety gone . . . ." There is no evidence as to when the safety may have "gone". It might have gone before the explosion, it might have gone at the time of the explosion or after it. There is no evidence as to where it was "gone" from. There was no evidence as to what the safety was, what it did, its purpose, or as to what danger it was to apply. The refusal of this request was prejudicial error.

Request #4 is covered by our discussion of requests ##1, 2, 3 and 7 above and should have been granted.

*The case is reversed and a finding for the defendant is to be entered.*

Hargraves, Karb, Wilcox & Calvini, of Framingham, for the Plaintiff.

Merritt J. Aldrich, Badger, Parrish, Sullivan & Frederick, of Boston, for the Defendants.