MARY A. DOLAN *vs.* SUFFOLK FRANKLIN SAVINGS BANK & another.

Suffolk. December 5, 1968. — April 15, 1969.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Landlord and Tenant,* Safety requirements, Landlord's liability to tenant or one having his rights. *Negligence,* One owning or controlling real estate, Violation of law, Gas. *Building Laws. Evidence,* Opinion: expert.

The rule that a violation of a statute or ordinance or by-law respecting safety in a building is not evidence of negligence of the owner toward a tenant therein injured by the violation is limited to situations where the violation involves common areas of the building. [669]

In the circumstances, failure of the landlord of an apartment building to install sprinklers therein as required by the municipal building code was evidence of negligence on the part of the landlord toward a tenant in the building injured in a fire and explosion therein. [669] CUTTER, J., concurring.

An opinion of an expert witness at the trial of an action that negligence of the defendant with respect to a gas burner under a hot water urn was the cause of a fire and explosion which injured the plaintiff did not of itself warrant submission of the action to the jury where the opinion was based on speculation alone. [669–670]

At the trial of an action for personal injuries and property damage sustained by the plaintiff while a tenant in a building when a fire and explosion caused by cooking gas occurred there approximately three quarters of an hour after the husband of the defendant, the proprietor of a gas equipped restaurant on the first floor of the building, left lighted a low flame gas burner under a hot water urn before leaving the restaurant, where there was no evidence that the burner went out or that the gas which caused the fire and explosion came therefrom, a finding of negligence on the part of the defendant would have been based on speculation alone and would not have been warranted. [670]

TORT.  Writ in the Superior Court dated February 6, 1962.

The action was tried before *Thompson, J.*

*Francis D. Harrigan* for the plaintiff.

*Thomas R. Morse, Jr.,* for Mary C. Pantages.

*John F. Finnerty* for Suffolk Franklin Savings Bank.

REARDON, J.  The plaintiff was a tenant prior to April 27, 1961, in a building located on Bowdoin Street in Boston where a fire and explosion occurred on July 20, 1961, in which she suffered personal injuries and property damage. The defendant bank had held a mortgage on the premises which it foreclosed and under which it took possession on April 27, 1961, notifying the plaintiff to pay all future rents to its agent, which she did.  On the first floor of the building was a restaurant operated by the defendant Mary C. Pantages, containing in its kitchen a gas stove with eight burners and pilot lights, two gas heated coffee urns and one gas heated hot water urn.  On the evening of the fire and explosion Mrs. Pantages' husband, who was operating the restaurant in her absence, prior to closing it and leaving the building about 7 P.M. lit the gas heater under the hot water urn which then contained about six gallons of water, leaving the burner on a low flame that the water might be hot upon his return the following morning.  The fire took place approximately three-quarters of an hour later.  The plaintiff is here on exceptions to the allowance of the defendants' motions for directed verdicts in their favor at the close of the plaintiff's evidence and also to the exclusion of certain evidence which the plaintiff offered.

1. The plaintiff argues that the defendant bank can be held for its negligence on the ground of responsibility for a fire hazard in an area not part of the common premises but an area yet within its control.  Employing in combination certain evidence admitted, and other evidence excluded over the plaintiff's objections and exceptions, the plaintiff contends that there were no sprinklers in a building where the building code required them, and that the premises were occupied by a restaurant using gas cooking facilities, a

specifically forbidden use in this substandard building following a hearing in 1956 by the board of appeal.[1]

The general rule in Massachusetts is that violation of a safety statute or ordinance does not in itself give rise to a cause of action but is evidence of negligence. *Ross* v. *Broitman,* 338 Mass. 770, 774. But the defendant bank cites to us *Stapleton* v. *Cohen,* 353 Mass. 53, 56, cert. den. 391 U. S. 968, which holds that violation of a safety provision by a landlord is *neither* a ground of civil liability of itself *nor* evidence of negligence. To the same effect are *Richmond* v. *Warren Inst. for Sav.* 307 Mass. 483, 485, and *Campbell* v. *Romanos,* 346 Mass. 361, 368, which also deal with unsafe conditions in common areas. The defendant bank suggests that this line of cases applies here and justifies the action of the court below. We disagree.

The common law duty of the landlord with regard to common areas is well settled: he must use reasonable care to keep them in as good a condition as they were, or appeared to be, at the time the tenancy began. *Dello Russo* v. *Rizzo,* 302 Mass. 177, 178. *Shwartz* v. *Feinberg,* 306 Mass. 331, 333–334. *Dreher* v. *Bedford Realty, Inc.* 335 Mass. 385, 388. *Merwin* v. *De Raptellis,* 338 Mass. 118, 120. *Goodman* v. *Smith,* 340 Mass. 336, 338. *Finn* v. *Peters,* 340 Mass. 622, 624. The duty was illustrated by the court in *Richmond* v. *Warren Inst. for Sav.* 307 Mass. 483, 485–486 (a fall caused by an obstruction in a common hallway and upon a common stairway). "There can be negligence only with relation to a duty to exercise care, and as the statute creates no new duty of care as between landlord and tenant the duty of care, if any, in this case must be that existing at common law. . . . His duty relates to the condition of

---

[1] Section 1008 (a) of the Building Code of the City of Boston provides: "Automatic sprinklers shall be installed in . . . buildings of Type I and Type II construction more than six stories high, and in other buildings more than three stories high." The defendant bank's building was Type IV and was six stories high.

On June 6, 1956, the board of appeal of the city of Boston granted the owner's request that the building be exempted from § 1008 (a), *provided* that the use of the first floor as a restaurant be terminated.

the premises themselves as compared to their condition when the tenancy began."

The point is further illustrated by analogy in *Wynn* v. *Sullivan*, 294 Mass. 562, where it was held that no duty was owed by the defendant to the plaintiff because the latter was a bare licensee. Of an alleged violation of a statute, the court said: "[I]t is true that the defendant's violation of law would have been evidence of negligence on his part, *if he had owed a duty to be careful*" (emphasis supplied). P. 565.

In contrast to the *Stapleton* and related cases, the present case does not deal with common areas.[2] If the landlord here owes the tenant *any* duty it *is* a duty of reasonable care, violation of which can be evidenced by breach of an ordinance. So the question is whether the landlord of an apartment building owes a duty to his tenant to use due care to keep the building in a reasonably safe condition in other than common areas.

A guide to the answer may be found in *Wainwright* v. *Jackson*, 291 Mass. 100, a case where a plaintiff suffered injury in an apartment house fire. Recovery was denied because no causal connection was established between the plaintiff's injuries and the defendant's violation of a safety statute requiring fire extinguishers in the basement and on each floor of the apartment house. But the court noted, "It may be assumed that that statute is available in appropriate cases for the benefit of *tenants in an apartment house*" (emphasis supplied). P. 102. Since the statute created no new duty of its own, its violation could be evidence only of an obligation existing at common law, i.e., the duty to use due care in maintaining a building in a reasonably safe manner.

Reference should also be made to *Ross* v. *Broitman*, 338 Mass. 770. There a fire started in one of two adjoin-

---

[2] Both the plaintiff and the defendant bank have referred to *Chalfen* v. *Kraft*, 324 Mass. 1, in their briefs. In that case, however, the landlord was in exclusive control of an area under a stairway wherein a collection of rubbish and papers posed a fire hazard. Similar facts do not obtain here.

ing, attached houses and, due to violation of a statute in the first house, spread to the second house where the plaintiff's decedent was visiting (or living with) a tenant, the plaintiff's mother. Both houses were owned by the defendant. It was held that violation of the statute was evidence of negligence, apparently because the tenancy involved was not in the house where the violation occurred. It is not logical to allow the benefit of a safety provision to a tenant of another building and to deny it to a tenant of the building where the violation occurred, whose safety was obviously uppermost in the minds of those enacting the provision. But we need not here reconsider the line of cases ending with the *Stapleton* case, holding that violation of a statute or ordinance is not evidence of negligence. We merely limit it to situations where common areas are involved. Here, subject to proof of other elements of liability (see *Wainwright* v. *Jackson*, 291 Mass. 100, 102–103), violation of § 1008 (a) of the city building code may be found to be evidence of negligence, i.e., failure to use due care to keep the building in a reasonably safe condition in other than common areas. To the extent that *Greenway Wood Heel Co. Inc.* v. *John Shea Co.* 313 Mass. 177, suggests a different result, we do not follow it. Therefore, we sustain the plaintiff's exceptions relative to the excluded evidence and the verdict directed in favor of the defendant bank.

2. The plaintiff seeks to hold the defendant Mary C. Pantages on a basis similar to that on which the plaintiff has alleged liability on the part of the defendant bank.[3] On the issue of negligence, the record shows that the defendant Pantages' husband left lighted a low flame burner under a hot water urn before departing the premises, and that cooking gas caused the fire, but that there was no way of determining whether the gas which caused the explosion came from that burner or some leak. There is no evidence that the burner went out. Mere speculation is not enough

---

[3] But of course the defendant Pantages was in no way responsible for the sprinkler violation nor was she privy to the 1956 board of appeal hearing which resulted in the prohibition of a restaurant in this building.

to take the case to the jury. *Wardwell* v. *George H. Taylor Co.* 333 Mass. 302. This holds true even if an expert has stated that the cause was the defendant's negligence if it is shown that the opinion was based on speculation alone. *Callaghan* v. *R. H. White Co.* 303 Mass. 413, 416. *Brownhill* v. *Kivlin,* 317 Mass. 168, 170. See *Milch* v. *Boston Consol. Gas Co.* 341 Mass. 230. While the plaintiff need not exclude every other possibility and need show only that her injury is a likely consequence of the defendant's negligence (*Gates* v. *Boston & Maine R.R.* 255 Mass. 297, 302), in this instance a finding of negligence on the part of the defendant Mary C. Pantages would be based on speculation alone. Therefore, we overrule the plaintiff's exceptions relative to this defendant.

*Exceptions sustained as to defendant Suffolk Franklin Savings Bank.*

*Exceptions overruled as to defendant Mary C. Pantages.*

CUTTER, J. (concurring) I concur in the result of part 1 of the opinion on the ground that (subject to proof of other elements of liability, see *Wainwright* v. *Jackson,* 291 Mass. 100, 102–103) violation of § 1008 (a) of the Boston Building Code may be found to be evidence of negligence; i.e. failure to "exercise reasonable care to keep" a portion of the building (not a common area and not part of the premises let to the plaintiff) "in such condition that others will not be injured." See *Chalfen* v. *Kraft,* 324 Mass. 1, 4; *Ross* v. *Broitman,* 338 Mass. 770, 772–773. This is on the assumption that, with respect to the premises let to Mrs. Pantages, the bank could be found to have possessed power to control the installation of sprinklers, the structural condition of the building, and the prevention of dangerous and unlawful use of the premises.