*Municipal Court of the City of Boston*

No. 178636

**BILLY JAMES**

v.

**JURO REALTY, INC.**

Argued: Nov. 13, 1970 - Decided: Nov. 24, 1970

*Present:* Adlow, C. J., Glynn, Foster, JJ.

Case tried to *Canavan, J.*

**Adlow, C. J.** Action of tort to recover damages resulting from a fire on the property of the defendant.

*There was evidence that* the plaintiff, Billy James, occupied Apartment #7 on the third floor of a building at 14 Abbotsford Street in Roxbury, which building was owned by Juro Realty, Inc. On March 16, 1967 there was a fire in the building which destroyed all the personal

property of the plaintiff. The plaintiff had moved into the building in *1963* and was a tenant there in *November 1965* when the defendant took over the property from the previous owner.

From the time the plaintiff had become a tenant in *1963* the landlord provided janitorial services which included the removal of garbage and rubbish. It was the custom of the tenants to leave their garbage and rubbish in bags or containers in the hallways where they would be picked up by the janitor and removed to the basement. This janitorial service continued for a short time after the defendant acquired the property. It stopped early in *1966* when the janitor who had been employed there, left. No steady janitor was employed thereafter. There was evidence that thereafter the removal of rubbish from the hallway was irregular and that it was placed in the cellar. As a consequence there was an unusual accumulation of rubbish in the cellar and particularly under the rear stairwell.

The plaintiff complained to the defendant about this condition on several occasions, and also addressed complaints to the Health Department and the Fire Department. Nothing was done to correct the condition. In response to Interrogatories addressed to the defendant the latter admitted that it was the defendant corporations's obligation under the terms of the tenancy of the plaintiff to provide janitor service

with particular reference to the removal of rubbish or garbage. Aside from the accumulation of rubbish and garbage, there was evidence that the latch was broken on the door leading to the roof from the floor above that on which the plaintiff resided. As a result of this broken latch this door remained open.

On *March 16, 1967* at about 2:00 P.M. the plaintiff's wife smelled smoke emanating from the direction of the back hall. She looked down the stairwell and saw rubbish smoldering and burning. She called the emergency operator and reported the fire. As she opened the door a second time she felt a tremendous force of fire and draft. She was unable to close the door. She ran to the bedroom, gathered together her three children and took them to the front of her apartment. By this time the fire was in the plaintiff's apartment and the plaintiff's wife and three children were taken through the front windows and down ladders. The plaintiff's apartment was completely burned and all his personal possessions were destroyed. In this action the plaintiff seeks to recover for this loss.

It is unnecessary to recite the sixteen different requests for rulings filed with the court at the close of the evidence. It is sufficient for our purposes to note that the court agreed with the law as stated by the defendant. In finding for the plaintiff the court made the following findings of fact:

"I find the defendant knew, or ought to have known, of the dangerous accumulation of debris in time to eliminate the danger. Defendant permitted the rubbish to accumulate for an unreasonable period of time, and created a condition which foreseeably was fraught with the risk of fire, which once started would extend rapidly, as in fact it did.

I find the defendant negligent and defendant's negligence was the proximate cause of the plaintiff's damage."

There is nothing inconsistent between the court's rulings and its findings. Rulings #5 and #7 are predicated on a relationship that did not exist. Each of these rulings states "In the absence of an agreement to the contrary" and then recites a rule relieving landlord of a duty with respect to keeping the premises clear of rubbish. But there was ample evidence that from the beginning of the tenants' occupancy and for a short time after the defendant took over there was a janitor who removed rubbish and garbage. In addition the answer of the defendant to interrogatories admitted the obligation to provide a janitor. In these circumstances the ruling requested had no operative effect.

Aside from these requests, most of the other rulings requested suggest that the matter is an open question of fact permitting a finding for either the plaintiff or the defendant. The findings of fact recorded by the court were all warranted by the evidence. The contention of the

defendant that these facts did not warrant a finding for the plaintiff is without merit.

Though the defendant admits that there was evidence to warrant a finding of negligence on its part, it insists that there is no evidence as to how the fire started. Our decisions do not require that victims of conditions prevailing in the defendants' building reach back to the originating cause which resulted in the fire. It is sufficient if it appears that conditions were permitted to exist which constituted a hazard to life and health. It was not unreasonable to anticipate that in a heavily populated area there was the ever present danger of careless or ill-disposed persons throwing lighted matches or cigarettes and setting ablaze the rubbish which had accumulated. To permit such conditions to exist is to invite disaster. It is on this theory that our highest court has ruled that despite the fact that the cause of a fire is unknown, the landlord is liable if he knew of the existence of the hazardous conditions which resulted in injury to the plaintiff. *Ross, Admx.* v. *Broitman,* 338 Mass. 770. *Campbell* v. *Romanos,* 346 Mass. 361.

**There was no error. Report dismissed.**

DAVID H. ARONSON
   of Boston for the Plaintiff.
JOHN F. DAVIS
   of Boston for the Defendant.