Fecteau, J.
Plaintiffs brought this action to recover damages for injuries sustained by plaintiff, Jeffrey Curtis (“Curtis”), after falling from scaffolding utilized during the construction of a Wal-Mart store in Belling-ham, Massachusetts. Defendants, R.W. Granger & Sons, Inc. (“R.W. Granger”) and Wal-Mart Stores, Inc. (“Wal-Mart Stores”), now move for summary judgment on Counts XIX and XX of plaintiffs’ amended complaint, which allege negligence pursuant to 454 Code Mass. Regs. §10.00 against R.W. Granger and WalMart Stores, respectively, on the ground that 454 Code Mass. Regs. §10.00 does not create a separate cause of action against defendants. For the reasons set forth below, defendants’ motion for summary judgment as to Counts XIX and XX is allowed. .
BACKGROUND
The following facts are undisputed. On August 31, 1992, while working for his employer, Keohan Masonry Corp., a subcontractor, Curtis fell from scaffolding utilized in the construction of a Wal-Mart store and, thus, suffered injuries. R.W. Granger was the general contractor at the construction site where Curtis was injured.
On September 2. 1992, Patrick Griffin, a Compliance Safety and Health Officer of the Occupational Health and Safety Administration (“OSHA”), filed a report against R.W. Granger. In a letter dated June 28, 1993, plaintiffs’ counsel, Michael M. Kaplan (“Kaplan"), informed R.W. Granger that he had received the OSHA report “which indicate[d] that R.W. Granger & Sons was notified on 8/25/92, one week prior to the injury!,] by their own insurer that they were in violation of not having a safe access to the scaffolding, not capping the rebar and having inadequate railings on the scaffolding to prevent employees from falling.” Kaplan charged R.W. Granger with failing to correct those violations after having received actual notice.
Plaintiffs filed a complaint on August 30, 1995 and filed an amended complaint on February 2, 1998.[3]
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the moving party does not have the burden of proof at trial, the movant may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion ..." Pederson 404 Mass. at 17.
*191 Defendants argue that violations of safety regulations, such as 454 Code Mass. Regs. §10.00, do not create separate causes of action. Plaintiffs respond that Corsetti v. Stone, 396 Mass. 1 (1985), stands for the proposition that they may maintain separate causes of action based on violations of safeiy regulations.
The Supreme Judicial Court in Corsetti held only that the jury could have found that the defendant violated a safety regulation. Id. at 13. Nowhere did the Court state that this violation established a cause of action independent of plaintiffs negligence cause of action. In fact, the Corsetti Court discussed defendant’s violation of a safety regulation in connection with its determination of whether the defendant failed to exercise reasonable care and, thus, was negligent. Id. at 12-13. The language in Corsetti which the plaintiffs in the case at bar claim[4] supports their argument that a violation of 454 Code Mass. Regs. §10.00 establishes a separate cause of action was not used by the Corsetti court to determine that a violation of a safety regulation created a separate cause of action but to analyze whether the interpretation of an administrative regulation is a question of law as opposed to a question of fact. Id. at 12-13 n.9.
“ ‘[T]he general rule in Massachusetts is that violation of [a] safety statute or ordinance does not in itself give rise to a cause of action but is evidence of negligence.’ Dolan v. Suffolk Franklin Sav. Bank, 355 Mass. 665, 667 (1969). It is also the general rule that while the violation of a safety statute, ordinance or regulation is not conclusive on the issue of civil liability, it ’. . .is evidence of negligence on the part of a violator as to all consequences that the statute, ordinance or regulation was designed to prevent.’ Follansbee v. Ohse, 293 Mass. 48, 52 (1935), quoting from Guinan v. Famous Players-Lasky Corp., 267 Mass. 501, 516 (1929).” Roberts v. Stack, 415 Mass. 465, 477 (1993) (emphasis added in Roberts). Safely statutes, ordinances, or regulations do not establish a separate cause of action “without express terms or clear legislative intent to that effect.” St. Germaine v. Pendergast, 411 Mass. 615, 620 (1992), quoting Lindsey v. Massios, 372 Mass. 79, 84 (1977).
454 Code Mass. Regs. §10.00, et seq., does not contain any terms which establish an independent cause of action for violating its provisions nor any “clear legislative intent to that effect.” St. Germaine, 411 Mass. at 619-20 (holding that violations of regulations, including 454 Code'Mass. Regs. §10.03(l)(a) and (b), do not create new civil causes of action nor constitute negligence per se; they only act as some evidence of negligence). Accordingly, Curtis’s counts based on negligence pursuant to 454 Code Mass. Regs. §10.00 (Counts XIX and XX), as they allege causes of action independent of his negligence counts against the movants (Counts I and V), do not survive summary judgment.
ORDER
It is hereby ORDERED that defendants’ Motion for Summary Judgment as to Counts XIX and XX is ALLOWED.

Although the plaintiffs filed an initial amended complaint on January 16, 1998, the Court considers the February 2, 1998 amended complaint to be the one in effect. First, Counts XIX and XX, as to which defendants move for summary judgment, coincide with Counts XIX and XX in the February 2, 1998 amended complaint and not Counts XXX and XX in the January 16, 1998 amended complaint. Second, as discussed more fully in note 3 in this Court’s Memorandum of Decision and Order on R.W. Granger’s motion for Summary Judgment as to Count XVI of Plaintiffs’ Amended Complaint, the February 2, 1998 amended complaint complies with this Court’s Order, dated January 16, 1998, allowing plaintiffs’ motion to amend.

“[A]n administrative regulation which has the force of law is no different than a statute.” Corsetti, 396 Mass. at 12.