TRIANGLE DRESS, INC. *vs.* BAY STATE SERVICE, INC.

Norfolk. November 4, 1969. — December 1, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Negligence,* In making repairs, Air conditioner. *Proximate Cause.*

At the trial of an action against a corporation with which the plaintiff
had a service and maintenance contract covering an air conditioner
on the plaintiff's premises for property damage sustained from fire and
smoke when the conditioner burst into flames, evidence merely that,
after the defendant had been notified the conditioner was not function-
ing properly, the defendant's repairman worked on the conditioner
and it burst into flames two hours after he had departed from the
premises left to conjecture the cause of the fire and did not warrant a
finding of negligence on the part of the defendant.

TORT OR CONTRACT. Writ in the Municipal Court of
Brookline dated October 27, 1966.

Upon removal to the Superior Court the action was tried
before *Leen,* J.

*Philip A. Houten* for the defendant.

*Wendell J. Leary* for the plaintiff.

KIRK, J. In this action of tort[1] the plaintiff alleges that
the defendant, its agents or employees negligently "serviced"
an air conditioner in the plaintiff's premises, and as a result
of the defendant's negligence the air conditioner burst into
flames, causing damage to the plaintiff's property from fire
and smoke. The case comes to us on the defendant's
exception to the denial of its motion for a directed verdict at
the close of the plaintiff's evidence.

The only witnesses for the plaintiff were two of its em-
ployees. Their testimony is summarized as follows. The
plaintiff corporation operates a wholesale dress business
catering to small retailers. There were two air conditioners
in its showrooms located on the fifth floor of a building

---

[1] A count in contract was waived by the plaintiff.

owned by the plaintiff at 75 Kneeland Street, Boston. On August 2, 1965, one of the witnesses, a sales employee of the plaintiff, noticed that one of the air conditioners was not functioning properly. She notified her superior, the other witness for the plaintiff, who called the defendant, with whom the plaintiff had a service and maintenance contract covering the air conditioners. A repairman from the defendant arrived at the plaintiff's showrooms about 9:30 A.M. Both witnesses observed the repairman take the grill from the bottom of the unit. The sales employee remained in the showrooms while the repairman worked on the air conditioner, but "did not pay any particular attention to what he was doing," other than to notice that he removed the grill and did not work on any other section of the unit. The repairman left about 10:30 A.M. Two hours later the employee smelled smoke and then saw flames shooting forth from the bottom of the air conditioner that the repairman had been working on. She immediately called the fire department.

Following the denial of the defendant's motion for a directed verdict the jury returned a verdict for the plaintiff in an amount which the parties agreed represented the damage sustained by the plaintiff.

The defendant contends that the evidence of the plaintiff was insufficient to warrant submission of the case to the jury. We must agree. The only evidence linking the defendant with the fire was the testimony by the plaintiff's employees that one of the defendant's employees was working on the air conditioner and that it burst into flames two hours after he had left the premises. No evidence of what the repairman did to the air conditioner was introduced, nor was there any indication of what had originally caused the machine to malfunction. There was no direct evidence of the cause of the flames. There was not only a complete absence of expert opinion testimony but it seems to us a lack of evidence establishing facts upon which an expert opinion could be predicated. The jury were thus left "to conjecture and surmise" about the cause of the fire, "with-

out adequately founded . . . essential, expert guidance."
*Stewart* v. *Worcester Gas Light Co.* 341 Mass. 425, 435.
*Kenney* v. *Sears, Roebuck & Co.* 355 Mass. 604, 608. *Dolan* v.
*Suffolk Franklin Sav. Bank,* 355 Mass. 665, 669–670. The
cause of the fire was not susceptible of determination by
the jury's "general knowledge of practical affairs." Cf.
*Toppin* v. *Buzzards Bay Gas Co.* 348 Mass. 397, 401. It
follows that the defendant's motion for a directed verdict
should have been allowed.

*Exceptions sustained.*
*Judgment for the defendant.*