**Anthony MESITI and National Surface Cleaning, Inc., Plaintiffs,**

v.

**PENNWALT CORPORATION and G.M. Gannon Co., Inc., Defendants,**

v.

**The HARTFORD ACCIDENT AND INDEMNITY COMPANY, Third-Party Defendant.**

**Civ. A. No. 82–1904–C.**

United States District Court, D. Massachusetts.

Dec. 14, 1983.

Roger A. Emanuelson, Lecomte, Shea, Dangora & Barber, Boston, Mass., for plaintiffs.

Michael DeMarco, Murphy & Mitchell, Charlene D. Andros, Boston, Mass., for third-party defendant Hartford Acc. and Indem. Co.

Michael B. Keating, David R. Geiger, Foley, Hoag & Eliot, Boston, Mass., for Pennwalt Corp.

Francis E. Dooley, Jr., Robert F. Charlton, Parker, Coulter, Daley & White, Boston, Mass., for G.M. Gannon Co., Inc.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action filed by Anthony Mesiti and National Surface Cleaning Co., Inc. against Pennwalt Corporation and G.M. Gannon Co., Inc. (Gannon). At the

**1582**

conclusion of the plaintiffs' case and again at the close of all the evidence, both defendants moved for a directed verdict. The Court reserved decision on the motions and submitted the matter to the jury on the basis of 48 Special Questions.

As a result of the jury's findings, a judgment for defendants has been entered this day. Prior to submitting the case to the jury, the Court allowed so much of defendants' motions for a directed verdict as referred to all claims of Anthony Mesiti and as to National Surface Cleaning Co., Inc.'s claims regarding negligent manufacture of the chemical Pennwalt 949. A review of the second amended complaint and the evidence presented at trial establishes that the complaint does not allege what, if any, property at 49 Danton Drive, Methuen, Massachusetts was owned by Anthony Mesiti as an individual nor does the complaint allege what property was owned by National Surface Cleaning Co., Inc. No evidence was adduced at the trial as to what was owned by either Mr. Mesiti or the corporation other than the fact Mr. Mesiti testified that he is the sole owner of all the common stock of the corporate plaintiff.

■ At the trial no evidence from any expert or lay witness was presented to the jury which was adequate to afford the jury the essential expert guidance on the issue of causation required by the discussions of the Supreme Judicial Court of Massachusetts in that court's opinions in such cases as: *Triangle Dress, Inc. v. Bay State Service, Inc.,* 356 Mass. 440, 252 N.E.2d 889 (1969); *Kenney v. Sears, Roebuck & Co.,* 355 Mass. 604, 608, 246 N.E.2d 649 (1969); *Swartz v. General Motors Corp.,* 375 Mass. 628, 632–33, 378 N.E.2d 61 (1978); *LaClair v. Silberline Mfg. Co.,* 379 Mass. 21, 393 N.E.2d 867 (1979). Accordingly, I rule that had the jury answered the Special Questions favorably to plaintiffs, the defendants' motions for directed verdict would have been allowed by this Court because of the lack of evidence on the issue of proximate cause.

This case was removed to this Court on July 6, 1982 and on September 6, 1983 defendant Gannon brought a third-party action against Hartford Accident and Indemnity Co. (Hartford) in which Gannon alleged that Hartford had issued an insurance policy to Gannon pursuant to which Hartford had agreed to defend Gannon against claims of the type alleged in Pennwalt's amended complaint. Gannon further alleged that Hartford agreed to indemnify Gannon against such damages and Gannon seeks a judgment against Hartford for any award to plaintiffs as well as for attorney's fees and costs.

■ Hartford filed a motion for summary judgment based on the grounds that the insurance policy it issued to Gannon excluded coverage for "product liability" and "complete operations hazards." The affidavit of David H. Chase is filed in support of the summary judgment motion and it establishes that in 1979 Gerald Gannon, President of G.M. Gannon Co., discussed insurance coverage with Mr. Chase and specifically contracted for a policy which did not include coverage for "product liability" and "complete operations hazards." I further rule that the claims set out in plaintiffs' second amended complaint, as a matter of law, are product liability claims and accordingly, I rule that the Hartford Accident and Indemnity Co.'s motion for summary judgment should be allowed and Gannon's third-party complaint dismissed.

Order accordingly.

## JUDGMENT

In accordance with the jury's findings of fact as set out in the jury's answers to the Special Questions which included a finding that Stripper 949 was not defective or dangerous at the time it left Pennwalt's control nor at the time it left Gannon's control; a finding that plaintiff had failed to prove that a negligent misrepresentation by Pennwalt was a proximate cause of the fire; a finding that Pennwalt did not breach the implied warranty of merchantability; a finding that plaintiff failed to prove a breach of the warranty for a particular purpose was a cause of the fire; a finding that a breach of express warranty was not proved to be a proximate cause of the fire; a finding that it was not proved that Gannon made a false statement of

material fact or that Gannon breached the implied warranty of merchantability; a finding that plaintiff failed to prove that breach of the warranty of fitness for a particular purpose was a proximate cause of the fire; and lastly, a finding that plaintiff failed to prove that Gannon breached an express warranty, it is ORDERED:

1. Judgment for defendants Pennwalt Corporation and G.M. Gannon Co., Inc.

2. Complaint dismissed.

3. Third-party complaint dismissed. Judgment for the Hartford Accident and Indemnity Company, third-party defendant.