Aguiar, J.
This appeal raises the issue of whether the trial judge erred in finding that there was evidence sufficient to warrant a finding for plaintiff, John Corkren against the defendant Boston Gas Company, on a negligence cause of action.
We find there was no error.
There was evidence that plaintiff sustained serious personal injuries while riding in an automobile driven by David Dezutter when he and the driver drove over a deep hole in a public road (West Street in Whitman) that was caused by the defendant.
Two months prior to the accident a Boston Gas work crew excavated the roadway in question and “cold patched” the excavation area at the conclusion of their work. Following that excavation, Boston Gas never returned to the site to inspect or repair that excavation. The repair work performed by Boston Gas settled significantly following the excavation causing a very large hole in the roadway. The Dezutter vehicle drove into that hole causing damage to the vehicle and personal injury to its occupants.
A Boston Gas representative testified at trial that excavations such as this one sometimes settle and require additional repair. Despite the potential for settling Boston Gas did not return to the site at any time following the date of the excavation to inspect and, or repair the excavation.
There was evidence that the work crew performed the work in accordance with Boston Gas standard operating procedures, which required that the crew leave the roadway in a safe, smooth, and passable condition. Furthermore, the evidence established that from October 4, 1992 until January 18, 1993, Boston Gas was never notified by any person or entity, including the Town of Whitman Department of Public Works, that there existed any defect in the patched area or that any remedial work needed to be performed by Boston Gas in the roadway.
Defendant argued that plaintiff produced no evidence whatsoever that Boston Gas was negligent or that such negligence caused or contributed to cause plaintiffs injuries. Defendant further argues that, even assuming that Boston Gas was somehow responsible for causing or contributing to cause the hole which developed on West Street, the plaintiff had the burden of demonstrating that Boston Gas knew or should have known of the existence of the defect.
The defendant finally argues that the trial court was left to speculate concerning the cause of the defect in the roadway and that in the absence of any tangible evidence of a causal link between the actions of Boston Gas and the defect, the plaintiff failed to sustain his burden of proof.
We disagree with the defendant.
The defendant stated that excavations such as this one sometimes settle and require additional repair. Despite this testimony, the defendant further testified that it never returned to the site of the excavation. To recover in an action for neg *24 ligence for personal injuries, the plaintiff must show that the defendant knew of a defective condition or could have discovered the defective condition by exercising reasonable care. Hannon v. Hays-Bickford Lunch System, 145 N.E. 2d 191 (1957). In the present case the trial judge properly concluded that the defendant failed to exercise that reasonable degree of care, thereby breaching its duty to the plaintiff, for want of ever having returned to the excavation site to determine if any settling had occurred. It. is reasonable for the defendant to have foreseen the danger that it created in the roadway.
The defendant attempts, in its brief, to suggest that the case at bar is analogous to the facts of Triangle Dress, Inc. v. Bay State Service. Inc., 252 N.E. 2d 889 (1969). In Triangle, the Court was confronted with a malfunctioning air conditioner that had been repaired by the defendant two hours before it caught fire. The Supreme Judicial Court upheld the defendant’s verdict saying that “the cause of the fire was not susceptible of determination by the jury’s general knowledge of practical affairs.” The same difficulties are not present here. There were no facts and no evidence presented in this case that went beyond the normal comprehension and understanding of the trial judge. Unlike the Triangle case, expert testimony was not necessary in order for the Court to make a proper decision.
For all of the above reasons, the decision of the trial judge is affirmed and the appeal is dismissed.