Connolly, J.
On December 25, 2001, fuel oil flooded the basement of Jeffrey Van Oudenhove and Shannon Eastman (hereafter “homeowners”) after a valve in the heating system broke. The interests of the homeowners in this case were subrogated to the plaintiff, Safety Insurance Co.. (“Safely Insurance”). Safety Insurance brought this case for breach of warranty alleging that the defendant, Home Store, Inc. (“the Home Store”), the general contractor responsible for the construction of homeowners’ house, was negligent.[2] Home Store has moved for summary judgment pursuant to Mass.RCiv.P. 56. For the following reasons, the motion for summary judgment is GRANTED. The Home Store’s claim under G.L.c. 231, §6F for attorneys fees and costs against the plaintiff, after review and consideration is DENIED.

BACKGROUND

The homeowners entered into a contract with the Home Store to build a house in February 2001. In November 2001, as the house was nearing completion, Rivet installed the house’s heating system which, when completed, was tested and did not leak. The homeowners moved into the house, together with their two female boxer dogs, Ally and Katie, in December 2001. A representative of the Home Store made a final visit on December 5, 2001. The Hadley Fire Department inspected the heating system on December 7, 2001, and issued a permit for the storage and use of oil burning equipment in the house.
On December 25,2001, while the homeowners were away visiting Ms. Eastman’s parents, the valve failed and fuel oil leaked into their basement. The homeowners had left Ally (nearly full grown at 48 lbs) and Katie (15.8 lbs) at home, alone in the basement for the four hours that they were gone. The dogs were described as generally “really active,” and had been seen on occasion “charging down the basement stairs.” When the homeowners retuned to their home after visiting Ms. Eastman’s parents, they found both dogs in the basement, along with approximately 200 gallons of fuel oil, which had apparently leaked from the broken valve. According to the medical records from the Rowly Memorial Animal Hospital where both Ally and Katie were taken on the day of the spill, both dogs had ingested the fuel oil, smelled of fuel oil and as a result were given ointment for their skin, and I.V. fluids. Ally was allowed to go home but Katie was admitted to the hospital.

*689
DISCUSSION

In a motion for summary judgment, the moving party bears the burden of showing that there are no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion. Id. at 16-17. If the burden of proof at trial is on the non-moving party, that party may meet its burden in a motion for summary judgment by establishing that there is no genuine issue of material fact or may meet its burden by demonstrating that proof of this element is unlikely to be forthcoming at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 808-09 (1991).
Here, the question is whether Safety Insurance can demonstrate that the valve was damaged by any action or failure to act on the part of the Home Store. Home Store has presented strong evidence, including expert testimony, that the valve was not damaged because of overtorqueing during installation. In fact, one expert stated that “(t]here was no evidence of torsion ... present on the fracture surface of the fitting. Therefore, the fitting did not fail due to over-torqueing. The metallurgist’s report states that ‘the fitting damage was due to a one-time overload.’ ”
In response to that showing by the Home Store, Safety Insurance has offered no expert testimony or opinion. The plaintiff primarily relies on the temporal proximity of the owners taking control of the house and the failure of the valve to establish by inference that the damage to the valve was most likely the result of the Home Store’s acts or failure to act. It is noted that Safety Insurance hired its own expert who participated in the inspection of the valve together with the Home Store’s expert. This expert attended the inspection and tests, but was instructed by Safety Insurance not to write a report of his findings.
The key issue in this motion is therefore whether there is, or likely to be, any evidence from Safety Insurance that will establish by a preponderance of the evidence that the fuel valve was damaged by any act or failure to act by the Home Store. The two key cases on this issue are Enrich v. Windermere Corp., 416 Mass. 83 (1993), and Triangle Dress, Inc. v. Bay State Service, Inc., 356 Mass. 440 (1969).
Enrich involved a products liability action against the seller for property damage sustained as a result of a fire caused by a window fan. Enrich 416 Mass. at 83-84. There, the plaintiff offered no expert testimony as to negligence or a causal relationship between the alleged negligence and the fire. Id. at 87. The Supreme Judicial Court held the evidence did support the conclusion that the fan was the source of the fire, but there was no evidence that some defect in the fan caused the fire or that, if a defect existed, it was present at the time the fan was sold. Id. “The presence of such a defect cannot be inferred in the absence of expert testimony . . . Lacking expert testimony, other possible causes of the fire were not sufficiently eliminated . . . The jury would not be warranted in finding that it was more probable that the fire occurred because of a defect or malfunction in the fan instead of some other cause for which the defendant is not responsible. A verdict for the plaintiff . . . would, therefore, be based on speculation and conjecture.” Id.
In the present case the jury would not be warranted in finding that it was more probable that the fuel valve failed due to a defect in the valve or a mistake during installation instead of some other cause, because there was no expert testimony that the valve was defective or that it was incorrectly installed. As a result, a verdict for the plaintiff in this case would also have to be based on speculation and conjecture.
In Triangle Dress, Inc. v. Bay State Service, Inc., an air conditioner burst into flames causing damage to a merchant’s property from fire and smoke. Triangle Dress, Inc. 356 Mass. at 440. There was evidence that one of the defendant’s employees was working on the air conditioner and that it burst into flames two hours after the defendant’s serviceman left. The plaintiff offered no expert evidence as to the cause of the fire. The jury found for the plaintiff, but the Court reversed the verdict finding that the cause of the fire could not have been determined by the jury’s general knowledge of practical affairs. Likewise in the present case, the plaintiff has offered no expert evidence explaining what caused the fuel valve to fail. Consequently there is no basis on which a jury could find for the plaintiff.
Finally, whether the claim is for negligence or for breach of warranty (as stated in the complaint), both counts should be dismissed under the pending Motion for Summary Judgment for failure to establish the cause of the failure of the fuel valve.

ORDER

After hearing and review of the entire summary judgment record, the defendant Home Store’s Motion for Summary Judgment is ALLOWED as to all claims asserted against it by the plaintiff, Safety Insurance Company.
The Home Store, Inc.’s claim under G.L.c. 231, §6F for attorneys fees and costs against the plaintiff, after review and consideration is DENIED.

Safety Insurance also brought suit against Michael Rivet (“Rivet”), the contractor who installed the heating system in the house and Highland Manufacturing Co. (“Highland”), a division of Clarkson Industries, Inc., the manufacturer of the valve. Rivet defaulted and failed to file an answer or otherwise plead.