PAUL O'MEARA vs. NEW ENGLAND LIFE FLIGHT, INC.,
& others.[1]

No. 05-P-210.

Worcester. December 7, 2005. - February 21, 2006.

Present: GREENBERG, DOERFER, & KATZMANN, JJ.

*Negligence,* Duty to provide mental health care.

In a negligence action brought by a helicopter pilot, alleging that the
defendants (a consortium of medical facilities) were negligent in failing to
provide him with access to a grief counselor or a mental health profes-
sional, despite the fact that they knew that he was repeatedly exposed to
human injury and suffering while flying the defendants' medical personnel
to and from accident sites, the judge correctly dismissed the plaintiff's
claims under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), where the
plaintiff was unable to demonstrate that any of the defendants owed him a
duty to provide the mental health care to which he claimed entitlement.
[544-546]

CIVIL ACTION commenced in the Superior Court Department on
November 25, 2003.

Motions to dismiss were heard by *Thomas P. Billings,* J.

*Howard B. D'Amico* for the plaintiff.

*Carol A. Kelly* for Beth Israel Deaconess Medical Center,
Inc., & others.

*Daniel J. Buoniconti* for New England Life Flight, Inc.,
& another.

The following were present but did not argue:

*Holly L. Parks* for Tufts-New England Medical Center.

*Michael B. Barkley* for Boston Medical Center.

KATZMANN, J. The plaintiff, a helicopter pilot, contends that

---

[1]Boston Medflight, Beth Israel Deaconess Medical Center, Inc.; Boston
Medical Center; The Brigham and Women's Hospital; and Tufts-New England
Medical Center.

the defendants were negligent in failing to provide him with access to a grief counselor or a mental health professional, despite the fact that they knew that he was repeatedly exposed to human injury and suffering while flying the defendants' medical personnel to and from accident sites. He claims that he suffered emotional distress and lost his pilot's license as a result. We affirm the order of the Superior Court dismissing the plaintiff's case under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), because he is unable to demonstrate that any of the defendants owed him a duty to provide the mental health care to which he claims entitlement.

*Background.* The hospital defendants are a consortium of medical facilities that combined to create Boston MedFlight, which is a subsidiary of New England Life Flight, Inc. From 1990 through early 2001, the plaintiff piloted a helicopter for Boston MedFlight, working as a team with a medical crew, responding to thousands of accident scenes. During that time, he was not an employee of any of the defendants; rather, he was employed by a company that contracted to provide helicopters and pilots to New England Life Flight, Inc. The plaintiff claims that his exposure to traumatic accident scenes caused his psychological and emotional health to deteriorate significantly, and that the defendants should have provided access to psychological and medical care to him, as the defendant hospitals did for their medical professionals. He sought out his own psychological care, and subsequently the Federal Aviation Administration revoked his license.

*Discussion.* Claiming negligence, the plaintiff had to allege some duty between himself and the defendants that was violated by their failure to provide mental health care. See *Irwin* v. *Ware*, 392 Mass. 745, 754 (1984). Because, generally speaking, a person has no legal duty "to prevent the harmful consequences of a condition or situation he or she did not create," *Luoni* v. *Berube*, 431 Mass. 729, 733-734 (2000) (citation omitted), the plaintiff was required to demonstrate a statute or a special relationship at common law that required the defendants to provide him with care. See *Irwin*, 392 Mass. at 756; W.L. Prosser & W.P. Keeton, Torts § 56, at 375-377 (5th ed. 1984); Restatement (Third) of Torts: Liability for Physical Harm §§ 37,

40 (Proposed Final Draft No. 1, 2005). He has failed to provide any statute or articulate any special relationship between himself and the defendants that would create such a duty. Although a special relationship between an employer and an employee may give rise to a common-law duty, see *LeClair* v. *Silberline Mfg. Co.*, 379 Mass. 21, 29 (1979); W.L. Prosser & W.P. Keeton, Torts § 56, at 383 & n.8, the plaintiff is not employed by any of the defendants, and his actual employer is not a party to this litigation.

The plaintiff notes, correctly, that all common-law special relationships are based largely upon a uniform set of considerations, which evolve with social values and customs. See *Mullins* v. *Pine Manor College*, 389 Mass. 47, 50-51 (1983); *Irwin*, 392 Mass. at 756-757. "Foremost among these is whether a defendant reasonably could foresee that he would be expected to take affirmative action to protect the plaintiff and could anticipate harm to the plaintiff from the failure to do so." *Irwin*, 392 Mass. at 756; Restatement (Third) of Torts: Liability for Physical Harm, *supra*. On this basis, the plaintiff argues that the defendants reasonably should have foreseen his injury and provided treatment because they made psychological care available to their medical employees, whom he transported. In essence, he invites us to recognize the existence of a special relationship that would impose a legal duty upon the defendants.

To be sure, in determining whether a duty exists, courts must necessarily draw lines. *Luoni*, 431 Mass. at 735. We do not accept the plaintiff's invitation, however, to hold the defendants liable.[2] Indeed, it is of note here that the plaintiff does not allege that he ever asked the defendants to provide counseling, and, in fact, acknowledged at oral argument that he never made such a request. In sum, recognition of a duty is not appropriate here where the defendants reasonably could not have foreseen that they would be expected to provide mental health care to the

---

[2]Although not dispositive on this issue, we note that an employer has the obligation to purchase workers' compensation insurance for workers' claims (or to be self-insured), see, e.g., G. L. c. 152, and to provide all of the other protections that accrue to an employee, including compensation for injuries, see, e.g., G. L. c. 152, § 66. Indeed, at oral argument, counsel acknowledged that the plaintiff's employer had provided him with worker's compensation insurance.

plaintiff. See *Irwin*, 392 Mass. at 756. The Superior Court judge correctly dismissed the complaint.[3]

*Judgment affirmed.*

---

[3]The judge's order also discussed the plaintiff's failure to allege a sufficient relationship between himself and the accident victims to sustain emotional damages as a cognizable harm. See generally *Dziokonski* v. *Babineau*, 375 Mass. 555, 567 (1978); *Barnes* v. *Geiger*, 15 Mass. App. Ct. 365-369 (1983). Although the plaintiff contests that ruling on appeal, we need not address it in light of our conclusions on the duty element.