Dora Esturban[1] & others[2] *vs.* Massachusetts Bay Transportation Authority & another.[3] No. 06-P-590. May 7, 2007. *Negligence,* Design, Escalator, Expert opinion. *Evidence,* Expert opinion. *Witness,* Expert.

In this action for personal injuries allegedly caused by a poorly designed escalator, the plaintiffs appeal from the allowance of summary judgment on behalf of both defendants, the Massachusetts Bay Transportation Authority (MBTA) and its maintenance contractor, Millar Elevator Service Company. Viewing the record in the plaintiffs' favor, we conclude that the Superior Court judge was correct in ruling that the lack of expert testimony was fatal to the plaintiffs' claims. In these circumstances, "without adequately founded . . . essential, expert guidance" on the proper design and operation of escalators, a jury would have to resort to impermissible "conjecture and surmise" regarding the applicable standard of care and the cause of injuries stemming from the accident. *Triangle Dress, Inc.* v. *Bay State Serv., Inc.,* 356 Mass. 440, 441-442 (1969), quoting from *Stewart* v. *Worcester Gas Light Co.,* 341 Mass. 425, 435 (1960). See *Mattoon* v. *Pittsfield,* 56 Mass. App. Ct. 124, 140 (2002).

The escalator in question was sixteen inches wide, which the plaintiffs assert was too narrow. As a result, they claim, several schoolchildren were injured in a pileup at the bottom of the escalator. The motion judge, however, determined that the testimony of the plaintiffs' expert was lacking.[4] Rather than challenge that ruling, the plaintiffs argue instead that jurors, using their common knowledge and experience, are capable of understanding the inherent danger of a narrow escalator and could reasonably infer, without benefit of expert testimony, that such an unreasonably dangerous design and the defendants' failure to warn were the proximate cause of the students' injuries.[5] See *Smith* v. *Ariens Co.,* 375 Mass. 620, 625 (1978). We disagree.

Although the plaintiffs "need not show the exact cause of the accident or exclude all other possible causes, [they] must show that there is a greater probability than not that the accident resulted from the defendant[s'] negligence." *Enrich* v. *Windmere Corp.,* 416 Mass. 83, 87 (1993). On this record, the plaintiffs did not meet that burden. By its nature, an escalator is a complex, technical piece of machinery, whose design and operational requirements are not straightforward. Accordingly, any determination of the dimensions essential to its safe operation is generally beyond the scope of an average person's knowledge. See, e.g., *ibid.* (establishing a defect in electric fan at time of injury). See also *Harrington* v. *Boston Elev. Ry. Co.,* 229 Mass. 421, 428-429 (1918) (determining proper platform construction); *Stewart* v. *Worces-*

---

[1]For herself and on behalf of Lesley Esturban.

[2]Aracelis Pineiro, for herself and on behalf of Stephen Pineiro; Angela Pena, for herself and on behalf of Yaritza Pena and Melissa Pena; Maribel Baez, for herself and on behalf of Mabel Baez; and Cindy Coronado, a minor, by her mother and next friend, Sonia Perez.

[3]Millar Elevator Service Company.

[4]The judge concluded that the expert's testimony, which advanced four different theories of liability, "would not suffice to get the plaintiffs' case to the jury." The judge also indicated that the plaintiffs' unsigned answers to expert interrogatories were not in accordance with Mass.R.Civ.P. 56(e), 365 Mass. 824 (1974).

[5]The plaintiffs appear to have abandoned all but one theory of liability, which is grounded in the alleged dangerous design of the escalator and the defendants' failure to warn.

*ter Gas Light Co., supra* at 434-435 (addressing reasonable standard of care in the installation of "dresser couplings" on gas pipe); *Triangle Dress, Inc.* v. *Bay State Serv., Inc., supra* at 442 (causing fire in air conditioner); *Goffredo* v. *Mercedes-Benz Truck Co.*, 402 Mass. 97, 104 (1988) (determining the amount of force necessary to open door latch mechanism); *Wiska* v. *St. Stanislaus Social Club, Inc.*, 7 Mass. App. Ct. 813, 821 (1979) (determining if car windshield was defective); *Aetna Life & Cas. Ins. Co.* v. *Commonwealth*, 50 Mass. App. Ct. 373, 378-379 (2000) (determining if there was a causal link between armless chair and employee's back injury).

Moreover, the plaintiffs here also allege, generally, that the escalator at issue did not comport with industry standards and governmental regulations and should have been redesigned during the last modernization effort of the MBTA.[6] In order to make that determination, however, jurors would need the assistance of an expert detailing not only what standards and codes apply, but also how the "narrow" design did not meet those standards or codes and whether there was a causal relationship between that design and the plaintiffs' injuries. See *Stewart* v. *Worcester Gas Light Co., supra* at 435. Without the aid of an expert in the field, jurors would also be left to speculate about whether alternatively engineered designs might have prevented the accident.[7] See *Fidalgo* v. *Columbus McKinnon Corp.*, 56 Mass. App. Ct. 176, 183-184 (2002). The allowance of summary judgment in favor of the defendants was thus appropriate, given the plaintiffs' failure to raise any issue of material fact regarding the presence of a design defect at the time of the accident or on the issue of causation. *Pederson* v. *Time, Inc.*, 404 Mass. 14, 16-17 (1989); *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991).

Given our holding in this case, we need not reach the issue whether the motion judge erred in refusing to consider certain testimony, characterized by the plaintiffs as an "excited utterance." We note only that, in the circumstances of this case, the teacher's statement that a child told her that a "shoestring made her fall" is ambiguous at best. To the extent that it may refer to a shoestring getting caught in the moving stairs of the escalator, the statement is insufficient absent properly founded expert testimony to support a claim of negligence based on a defective design.

*Judgment affirmed.*

*Thomas M. Bond* for the plaintiffs.

*H. Charles Hambelton* for Massachusetts Bay Transportation Authority.

*John B. Johnson* for Millar Elevator Service Company.

---

[6]The escalator was designed and installed in 1950 and subsequently rehabilitated and modernized in 1996 and 1997.

[7]That is not to say that experts are always required in actions alleging negligent design. In some circumstances, not present here, the design defect claimed is so simple or obvious that the need for technical assistance is eliminated. See, e.g., *Smith* v. *Ariens Co., supra* at 625 (claim that projectiles on snowmobile put users at risk of injury after collision is within lay knowledge).