Kern, Leila R., J.
This is a slip and fall action in which the plaintiffs, Charlene A. Wood and Paul Wood, allege negligence on behalf of the defendants, Fineberg Management, Inc. (Fineberg), Janitronics, Inc. (Janitronics) and Apollo Security, Inc. (Apollo). Apollo now moves for summary judgment, arguing it owed no duty to Ms. Wood. This court held a hearing on April 28, 2008. For the following reasons, Apollo’s Motion for Summary Judgment is ALLOWED.
BACKGROUND
At approximately 7:00 a.m. on December 8, 2003, Ms. Wood entered the building at 150 Royall Street in Canton, MA, where she worked for a company called Equiserve. After presenting her pass to posted security guards, Ms. Wood made her way across the lobby where she slipped on accumulated water on the floor and fell, injuring herself. While unable to see the water at the time she crossed the lobby, Ms. Wood saw a watery footprint as she lay on the floor. At the time Ms. Wood fell, there were no mats on the ground or warning signs posted. The night before, approximately eight inches of snow had fallen.
At the time of the incident, Equiserve was a tenant in the premises, which was owned by Blue Hills Park, LLC and managed by Fineberg. Equiserve hired Apollo as an independent contractor to provide security services on the premises and Fineberg hired Janitronics to provide cleaning services in the building.
DISCUSSION
I. Standard of Review
Summary judgment is appropriate when the summary judgment record shows “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); DuPont v. Comm’r of Com. 448 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the suit. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is “genuine" where a reasonable finder of fact could return a verdict for the non-moving party. Fles *141 ner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), citing Anderson, 477 U.S. at 252. The moving parly bears the initial burden of demonstrating the absence of a triable issue and that the summary judgment record entitles it to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc.., 404 Mass. 14, 17 (1989); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the non-moving parly has no reasonable expectation of proving an essential element of his case at trial. Flesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716 (adopting reasoning contained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that “the burden on the moving party may be discharged by ‘showing’ . . . that there is an absence of evidence to support the nonmoving party’s case”).
In reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in her favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trs. of the Coll. of the Holy Cross, 388 Mass. 16, 17 (1983); see Simplex Techs., Inc. v. Liberty Mut. Ins. Co., 429 Mass. 196, 197 (1999). If the moving party has carried its burden, and the plaintiff has not responded with specific facts to establish a genuine, triable issue, the court grants the motion for summary judgment. Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976); see Ng Bros., 436 Mass. at 644 (stating that, even where the facts are disputed, “summary judgment is still available if the party with the burden of proof at trial . . . fails to present in the summary judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor”), citing White v. Univ. of Mass. at Boston, 410 Mass. 553, 557 (1991).
II. Apollo’s Motion
Apollo argues it did not owe a duty to Ms. Wood to protect her from, or warn her of, accumulated water on the lobby floor. “To recover for negligence, a plaintiff must show ‘the existence of an act or omission in violation of a . . . duty owed to the plaintiffls] by the defendant.’ ” Coombes v. Florio, 450 Mass. 182, 187 (2007), quoting Cottam v. CVS Pharmacy, 436 Mass. 316, 320 (2002). Whether a duty exists is a question of law. Id. While every actor has a duty to exercise reasonable care to avoid physical harm to others, id., generally, a person has no legal duty to prevent the harmful consequences of a condition or situation he or she did not create. O'Meara v. New England Lift Flight, Inc., 65 Mass.App.Ct. 543, 544 (2006). There are, however, exceptions to this general rule. A duty can be created by agreement or pursuant to a contract. See Anderson v. Fox Hill Village Homeowners Corp. 424 Mass. 365, 367-68 (1997). Moreover, a duty of care may arise from the right to control land even where the person held to such a duty does not own the land in question. Davis v. Westwood Group, 420 Mass. 739, 743 (1995).
Here, the duty to clean and/or warn did not rest with Apollo. Apollo’s contractual duties were limited to “security services.” The evidence shows these duties consisted primarily of monitoring people entering the building, but could also include such security procedures as revolving patrol. Apollo’s duties, however, did not extend to caring for the floors of the lobby. The evidence is that a day porter, employed by Janitronics but leased to Fineberg, was on call to perform janitorial services throughout the work day. At the direction of Fineberg, the day porter’s job was to mop the lobby floor, put up caution signs, and put down mats when the lobby floor was wet due to cleaning or inclement weather.
Furthermore, Apollo did not control the area in question. There is no evidence that Apollo had control over the lobby apart from their security duties. Apollo was an independent contractor hired to provide security services. It was not a tenant in the building. It also did not have authority or supervisory capacity over the lobby, and was not in a position to direct the day porter in his work; the day porter took his directions from Fineberg. Consequently, Apollo did not owe Ms. Wood a duty to protect her from, or warn her about, the water on the lobby floor by virtue of its responsibilities as a security service. See, e.g., O’Meara, 65 Mass.App.Ct. at 545-46 (complaint correctly dismissed where defendant did not owe duty to plaintiff).
Nevertheless, Ms. Wood argues Apollo assumed the duty to maintain the safety of the lobby. Her argument is based on deposition testimony indicating Apollo could have requested the day porter to put out mats or warning signs. See Apollo’s Reply Memorandum, ex. A, Needle Deposition, at 26-30. Because Apollo could have made this request, Ms. Wood continues, it assumed a duty to maintain the safety of the lobby. Where a duty has been voluntarily assumed, it must be carried out with due care. Davis, 420 Mass. at 746. “If a person voluntarily assumes a duty or undertakes to render services to another that should have been seen as necessary for her protection, that person may be liable for harm caused because of the negligent performance of his undertaking.” Id., quoting Thorson v. Mandell, 402 Mass. 744, 748 (1988).
Contrary to Ms. Wood’s argument, this court finds Apollo did not assume a duly to maintain a clean and water-free lobby floor. Here, Apollo’s role in alerting others the floor may be slippery was akin to a switchboard operator’s; if someone alerted Apollo of the existence of a problem in the lobby, it would contact the day porter and inform him of the situation, which then became his responsibility.[3] In fact, this was the general scheme set up by Equiserve, as any problem *142 encountered in the building would be routed to Apollo, who would then alert the appropriate party.
Alerting the parly whose job it is to respond to a particular problem is not tantamount to assuming a duty to respond to the problem itself. Here, Apollo did not volunteer its services to inspect or mop the floor or to set up warning signs or mats. As discussed above, these tasks were the job of the day porter. While it is the case that Apollo would call the day porter if it observed a problem, there is no evidence Apollo either observed the wet floor or was informed of the slippery floor prior to Ms. Wood’s fall, and thus, was not on notice to call the day porter. As a result, Apollo did not assume a duty in this instance. See Mathers v. Midland-Ross Corp., 403 Mass. 688, 691 (1989) (defendant did not assume duty where he inspected machine in course of prior lawsuit); Alioto v. Marnell, 402 Mass. 36, 39 (1988) (no assumption of duty where parents conditioned 19-year-old son’s holding of party on stipulation that he would not drive).
ORDER
It is hereby ORDERED that Apollo’s Motion for Summary Judgment is ALLOWED.

 There is evidence that another individual, Bill Dailey, who was employed by Fineberg, functioned as a “handyman" at the premises, and would assist the day porter if necessary.