Henry, Bruce R., J.
The case at bar arises out of injuries sustained by the plaintiff, Taryn T. Kaitbenski (“Kaitbenski”), when she ran into an unpadded fence post while participating in a varsity softball game at Tantasqua Regional High School. In the amended complaint, Kaitbenski brings an action in negligence alleging the defendants — Tantasqua Regional School District; Drummey, Rosane, Anderson, Inc. (“DRA”), the architectural firm that designed the field; R.W. Granger & Sons, Inc. (“Granger”), the general contractor for the construction of the field; and Steidler Construction, Inc. (“Steidler”), the construction firm that installed the fences on the field — failed to (1) properly design the softball field, (2) properly pad or cover the fence post, (3) warn Kaitbenski of the hazard, and (4) properly supervise Kaitbenski. Now before the court are Granger and Steidler’s motions for summary judgment on the ground that Kaitbenski’s failure to offer expert testimony is fatal to her claim that they were negligent for failing to properly design the softball field and to properly pad or cover the fence posts. For the reasons stated below, Steidler and Granger’s motions for summary judgment on the amended complaint, docketed at paper number thirty-two, will be ALLOWED.[2]
BACKGROUND
The undisputed material facts are as follows. On May 13, 2004, Kaitbenski was playing catcher in a Tantasqua Regional High School varsity softball game. During the course of the game, she ran into an uncovered and unpadded fence post as she tried to catch a pop fly. Kaitbenski sustained physical injuries as a result of her collision with the fence post.
The 2003 to 2004 school year was the first in which this softball field was used. In 1999, the Tantasqua Regional School District had entered into a contract with DRA pursuant to which DRA would design the new softball field, including the fencing, backstop, and benches for the field. In July of 2002, Tantasqua and Granger entered into a contract pursuant to which Granger would be the general contractor for the construction of the new softball field. As general contractor, Granger entered into a contract with Steidler for the construction of the backstop and fencing on the new softball field.
The softball field in question had a fence backstop and fences protecting the players’ benches, which were located at a setback along the first and third base lines. The fence posts for the backstop and for the fences protecting the players’ benches, as built by Steidler and designed by DRA, were not padded or covered. The National Federation of State Highschool Associations recommends that fences be constructed at least twenty-five feet from the foul line and so as to protect the player’s benches. The National Federation of State Highschool Associations’s recommendations for the design of a softball field do not include padding or covering on fence posts. It is undisputed that DRA’s design for the softball field complied with the recommendations of the National Federation of State High-school Associations with respect to the location of fences.
The plaintiff submitted the affidavit of Leonard S. Jalbert, a registered professional engineer. Jalbert avers that he surveyed the softball field on February 27, 2009, and that he examined DRA’s design for the softball field. He opines that the side fences of the backstop, the fences protecting the players’ benches, and home plate were not built in accordance with DRA’s design.
DISCUSSION
Granger and Steidler move for summary judgment on the ground Kaitbenski’s failure to offer expert testimony is fatal to her negligence claim. They assert that without expert testimony Kaitbenski has no reasonable expectation of establishing the applicable standard of care or that the defendants’ alleged negligence caused her injuries. Pursuant to Mass.R.Civ.P. 56(c), summary judgment is proper when “there is no genuine issue of material fact, and where viewing the evidence in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law.” Opara v. Massachusetts Mut. Life Ins. Co., 441 Mass. 539, 544 (2004), citing Mass.R.Civ.P. 56(c). “A party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to material described in Mass.R.Civ.P. 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
“To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a *129 causal relationship between the breach of the duty and the damage.” Jupin v. Kask, 447 Mass. 141, 146 (2006), citing J.R. Nolan & L. J. Sartorio, Tort Law 11.1 (3d ed. 2005). Generally, although not in eveiy instance, expert testimony is necessaiy to prove the applicable standard of care in a case where negligent design or engineering is alleged. See Esturban v. Massachusetts Bay Transp. Auth., 68 Mass.App.Ct. 911, 911-12 (2007) (rescript) (expert testimony required to prove negligent design of escalator); Atlas Track Corp. v. Donabed, 47 Mass.App.Ct. 221, 226-27 (1999) (expert testimony necessary to prove standard of care of reasonable engineer).
The record before this court is devoid of any expert testimony as to the standard of care applicable to Granger and Steidler regarding the design of the softball field. In fact, the only evidence before this court with respect to the applicable standard of care is the uncontested evidence that the softball field was designed to comport with the recommendations of the National Federation of State High School Associations.
The alleged defect in design is not so simple or obvious to dispose of the need for technical assistance. On the record now before the court, particularly in light of the above evidence, without the aid of expert testimony the jury would “have to resort to impermissible conjecture and surmise” regarding the professional standard of care applicable to the design of a softball field. Esturban, 68 Mass.App.Ct. at 911. In the absence of expert testimony, Kaitbenski has failed “to respond by setting forth specific facts showing that there is a genuine issue for trial” as to her claims arising out of the design of the softball field and the lack of padding or covering on the fence posts. Kourouvacilis, 410 Mass. at 717, quoting Mass.R.Civ.P. 56(e).
In opposition to Granger and Steidler’s motions for summary judgment, Kaitbenski argues that, in light of Jalbert’s survey of the softball field, summaiy judgment should be denied because Steidler negligently failed to build the fence and backstop in accordance with DRA’s design and Granger negligently failed to supervise Steidler. Kaitbenski’s argument introduces a theory of negligence not included in the amended complaint, docketed at paper number thirty-two, which was controlling at the time of the summaiy judgment motions. Such being the case, Kaitbenski’s claims of negligent construction and supervision of construction will not be considered in this motion for summaiy judgment.
In the controlling complaint, Kaitbenski claimed that all defendants, including Granger and Steidler, negligently failed to warn her and negligently failed to supervise her. This court will enter summary-judgment for Granger and Steidler on Kaitbenski’s allegation that they negligently failed to supervise her during the course of the softball game as they had no duty to supervise Kaitbenski. With respect to the failure to warn claim, to succeed on a failure to warn claim a plaintiff must show that a statute or special relationship at common law creates in the defendant a duty to warn the plaintiff. O’Meara v. New England Life Flight, Inc., 65 Mass.App.Ct. 543, 544 (2006). “(C]ommon-law special relationships are based largely upon a uniform set of considerations, which evolve with social values and customs.” Id. at 545, citing Mullins v. Pine Manor Coll, 389 Mass. 47, 50-51 (1983). One well-established special relationship giving rise to a duty to warn is that of landowner or controller and a person lawfully on the land. See Costa v. The Boston Red Sox Baseball Club, 61 Mass.App.Ct. 299, 302 (2004), quoting O’Sullivan v. Shaw, 431 Mass. 201, 204 (2000). There is no evidence, however, that at the time of Kaitbenski’s injuiy Granger or Steidler had control over the softball field and Kaitbenski does not put forth another established special relationship or statute upon which this court could find a duly to warn. This court can only assume Kaitbenski is suggesting there is a special relationship between the construction industry and people who lawfully visit the structures they construct. There is nothing to suggest to this court that evolving social values or customs require that this court recognize such as a special relationship giving rise to a duly to warn. Moreover, even if Steidler or Granger were to owe Kaitbenski a duly to warn, that duty “does not extend to dangers that would be obvious to persons of average intelligence.” Costa, 61 Mass.App.Ct. at 302. Here, the location of the fence and backstop and the fact that the fence posts were unpadded were open and obvious dangers that would be obvious to a person of average intelligence.
For the reasons stated above, summaiy judgment will enter for Steidler and Granger on all theories of negligence alleged in the amended complaint.
ORDER
It is hereby ORDERED that defendant Steidler Construction, Inc.’s motion for summaiy judgment be ALLOWED.
It is hereby ORDERED that defendant R.W. Granger & Sons, Inc.’s motion for summaiy judgment be ALLOWED.

This order grants summaiy judgment for Granger and Steidler only on those claims in the amended complaint. Pursuant to this court’s order granting the plaintiff leave to file a second amended complaint, filed contemporaneously herewith, the complaint is amended to include claims for negligent construction and negligent supervision of construction, which are not hereby summarily adjudged.