Kenton-Walker, Janet, J.
The defendants move the court to enter summary judgment in their favor on the plaintiffs claims, which arise out of the allegedly negligent design, installation, maintenance, and/or monitoring of an escalator in a retail store operated by defendant Sears, Roebuck and Co. (“Sears”) at the Auburn Mall in Auburn, Massachusetts. The plaintiff moves the court to compel Sears and defendant Mayflower Auburn, Limited Partnership (“Mayflower”) to submit responses to its request for production of documents and to amend the tracking order of the action. She also cross-moves for judgment in her favor as a result of the defendants’ failure to comply with discovery.
A court may enter summary judgment where the moving party “demonstrates, by reference to material described in Mass.R.Civ.P. 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The defendants have met this burden on the plaintiffs claims.
By citing the plaintiffs lack of expert witnesses to testify as to escalator design, installation, maintenance, and/or monitoring and as to causation of the plaintiffs injuries, the defendants show the plaintiff has no reasonable expectation of proving her negligence claims. While the plaintiff retained Ronald D. Schloss (“Schloss”), an escalator expert, his opinion on what defects in the escalator caused the plaintiffs accident is based in large part on a reenactment of the accident that took place approximately five years after the accident. There is no indication in the record before the court that the escalator was in the same condition five years later, and Schloss’ expert opinion would therefore leave the jury to speculate as to whether the defendants’ alleged negligence regarding the escalator caused the plaintiffs accident. Schloss is the only expert the plaintiff submits. As stated by the Appeals Court, “ ‘without adequately founded . . . essential, expert guidance’ on the proper design and operation of escalators, a jury would have to resort to impermissible ‘conjecture and surmise’ regarding the applicable standard of care and the cause of injuries stemming from the accident” (citation omitted). Esturban v. Massachusetts Bay Transp. Auth., 68 Mass.App.Ct. 911, 911 (2007) (affirming allowance of summary judgment where plaintiff failed to submit expert testimony); see also Beauvais v. New England Dev., 2001 WL 568485 at *1 (Mass.App.Ct. 2001) (in decision issued pursuant to Appeals Court Rule 1:28, stating, “A jury could not find that the escalator was defective without expert testimony . . .”).
Additionally, the plaintiff does not have a medical expert to testify as to whether the alleged electrical shock the plaintiff received could have caused her burns. Instead, the plaintiff intends to rely on the medical professionals who treated her injuries after the accident. She fails to indicate, however, that any of these professionals are qualified to testify as an *426 expert as to the causation of her injuries. Given the fact that the plaintiffs alleged injuries are somewhat unusual — she claims her burns resulted from an electrical shock and they did not appear until two days after the accident — it would be difficult for the jury to make a causation determination without expert testimony. “[0]ur appellate courts and those in other jurisdictions have recognized the necessity for expert medical testimony on highly technical medical issues, such as injury causation . . .” Lolly v. Volkswagen Aktiengesellschaft, 45 Mass.App.Ct. 317, 324-26 (1998) (upholding allowance of judgment notwithstanding the verdict where no expert medical testimony on causation); see also Look’s Case, 345 Mass. 112, 115 (1962) (“[T]he causal relation between the original injury and the alleged incapacity is a matter beyond the common knowledge and ability of the layman and must be established by expert medical testimony").
Based on the foregoing, is it hereby ORDERED that the defendants’ motion for summary judgment is ALLOWED. Because the court concludes the defendants are entitled to summary judgment, it takes no action on the plaintiffs motions.