Kaplan, Mitchell H., J.
In this action the plaintiff, Taryn T. Kaitbenski (“Kaitbenski”), seeks to recover damages for personal injuries that she sustained when she ran into an unpadded fence post while playing in a softball game at Tantasqua Regional High School. The matter is before the Court on the motions of the defendants, R.W. Granger & Sons, Inc. (“Granger”) and Steidler Construction, Inc. (“Steidler”), for summary judgment dismissing the claims asserted against them in Kaitbenski’s second amended complaint.[2] In her first amended complaint, Kaitbenski alleged that Granger and Steidler were negligent in failing to (1) properly design the softball field, (2) properly pad or cover the fence post, (3) warn Kaitbenski of the hazard, and (4) properly supervise Kaitbenski. On August 13, 2009, this Court (Henry, J.) granted Granger’s and Steidler’s earlier motions for summary judgment dismissing those claims [26 Mass. L. Rptr. 128). The Court, however, permitted Kaitbenski to amend her complaint for a second time. Her second amended complaint asserts that (1) Steidler negligently “failed to properly construct the softball field," and (2) Granger, as the general contractor, “failed to properly supervise [Steidler’s] construction” of the field. For the reasons stated below Granger’s and Seidler’s motions are ALLOWED and the newly asserted claims alleged in the second amended complaint are dismissed.

BACKGROUND

The following material facts are stated in the light most favorable to Kaitbenski, as the nonmoving parly. On May 13, 2004, Kaitbenski was playing catcher in a varsity softball game at Tantasqua Regional High School. During the course of the game, she ran into a fence post near the team bench on the third base side of the field while trying to catch a pop fly foul ball. Kaitbenski sustained significant injury as a result of the collision.
The 2003 to 2004 school year was the first in which Tantasqua used this softball field. In 1999, the Tantasqua Regional School District (“Tantasqua”) contracted with the firm Drummey, Rosane, Anderson, Inc. (“DRA”), for the design of a new softball field, including the fencing, backstop and benches for the field. In July 2002, Tantasqua hired Granger to be general contractor for the construction of the new softball field. As general contractor, Granger engaged Steidler to construct the backstop and fencing for the field.
To support her new theories of liability, Kaitbenski submitted an affidavit of Leonard S. Jalbert, a registered professional engineer. Jalbert surveyed the field on February 27, 2009. Jalbert opines that there are differences between the location of the fences as-built by Steidler and as-depicted in DRA’s design plan. In particular, he states, “the DRA Plan calls for the opening between the side fence of the backstop and the player bench fence to be 4 feet on the third base side. The as-built opening is approximately 10.5 feet. The net result of this discrepancy is to cause the end fence post, as-built, to be located in the middle of the opening of the DRA Plan.” Joint Appendix, Exh. 5. As the court understands Kaitbenski’s position, she contends that, if the fence had been constructed as shown in the DRA plan, on the day in question, she would have serrendipitously run through the opening between the side fence and the fence in front of the players’ bench in her pursuit of the foul pop and, accordingly, avoided injury.

DISCUSSION

Summary judgment is granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983). When reviewing a motion for summary judgment, the Court considers the evidence presented in the light most favorable to the non-moving party. Flynn v. City of Boston, 59 Mass.App.Ct. 490, 491 (2003). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The moving party may satisfy its burden either by submitting affirmative evidence negating an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Where the moving party meets their burden, the opposing party must respond and set forth specific facts showing the existence of a genuine issue for trial. Id.
“To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage.” Jupin v. Kask, 447 Mass. 141, 146 (2006).
In the instant case, the summary judgment record contains no evidence that Steidler or Granger *425 breached a duty that they owed to Kaitbenski. She offers no evidence, either by way of expert testimony or from any other source, that the fence, as constructed, failed to comply with any standard for the placement of fences around a softball diamond, or otherwise created an unreasonable risk of foreseeable harm to the players. More specifically, there is nothing suggesting that the manner in which softballs are likely to be fouled off during play makes the actual location of the fence post inherently riskier than if it were located two feet to the left, as Jalbert maintains the plans called for. The fact that Kaitbenski happened to run into the fence post on the particular play in question is a matter of pure happenchance, based upon the particular flight of the ball and her efforts to catch it. It may be that the failure to place the fence in precisely the location depicted in the DRA plan constitutes a breach of Steidler’s contract, however, that is simply not evidence that it constituted the breach of any duty owed to Kaitbenski. Having demonstrated that Kaitbenski has no reasonable expectation of proving an essential element of her cause of action at trial, Steidler and Granger are entitled to summary judgment.

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendants, Steidler Construction, Inc.’s and R.W. Granger & Sons, Inc.’s, motions for summary judgment on all claims alleged in the second amended complaint be ALLOWED. Final judgment shall issue dismissing the case.

On October 6, 2009, the parties entered a stipulation of dismissal with respect to the other named defendants, Tan-tasqua Regional School District and Drummey, Rosane, Anderson, Inc. See docket entry 65.