**Not for publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-2036

JOSEPH T. KING, Administrator for the Estate of Gertrude King,

Plaintiff, Appellant,

v.

PIERCE MANUFACTURING, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Barron, Selya, and Stahl,
Circuit Judges.

David E. Cunningham, with whom Burke & Foskett, LLC was on brief, for appellant.
Anthony J. Colucci, III, with whom Marybeth Priore and Colucci & Gallaher, P.C. were on brief, for appellee.

May 4, 2015

**STAHL, <u>Circuit Judge</u>**.  Plaintiff-Appellant Joseph T. King, as the administrator for the Estate of Gertrude King, appeals from an order granting summary judgment to Defendant-Appellee Pierce Manufacturing, Inc. ("Pierce") on claims that the allegedly defective fire truck it manufactured was responsible for the decedent's death.

Gertrude King ("Gertrude") was standing on the median of a Cambridge, Massachusetts road in January, 2010, when the nozzle of a loose hose on a passing fire truck forcefully struck her.  She was rushed to the hospital and underwent emergency surgery, but died two days later as a result of her injuries.

The hose that hit Gertrude belonged to a Cambridge Fire Department ("CFD") truck manufactured by Pierce.  Pierce builds custom trucks for fire departments throughout the United States. Each apparatus is built according to the specifications of the particular fire department, which may choose from the hundreds of thousands of features that Pierce offers, or request special components.  Consequently, it is up to the individual fire department to design its trucks, including the hose storage area — its length and width, the specifications of the hose bed covers and hose capacity, and the materials used.

Pierce manufactured the fire truck at issue in 2002.  In conformance with the CFD's specifications, the truck was built with two "crosslay" hose beds — used for storing the 200-foot hose — one

with 1.5-inch outlets and one with a 2.5-inch outlet. Crosslay covers were installed over each hose bed for the purpose of securing the hose and protecting it from the weather. Because the CFD's specifications did not call for it, Pierce did not install a supplemental hose restraint in addition to the crosslay cover, although such a feature was available.[1]

Joseph T. King ("King"), nephew of Gertrude and administrator of her estate, filed suit against Pierce in Massachusetts state court; Pierce removed to federal district court. King's complaint alleged breach of warranty, negligent design, and wrongful death. Pierce thereafter retained an expert, Dr. Dennis Guenther, a professor of mechanical engineering at The Ohio State University and a project engineer at a forensic engineering firm. After performing an accident and design analysis of the fire truck in question, Dr. Guenther prepared a report concluding that the truck was not defective or unreasonably dangerous. He opined that the truck was "of good overall design" and that there was no evidence that Pierce had engaged in wanton conduct or had disregarded public safety. Rather, according to Dr.

---

[1] At the time of the manufacture of the fire truck in question in 2002, per National Fire Protection Association Standard 1901, fire trucks were not required to be equipped with redundant hose restraints. However, in 2005 — after the truck's manufacture but prior to the accident at issue — Standard 1901 was amended to require that all fire trucks manufactured after November 15, 2005 be equipped with hose restraints.

Guenther, the improper stowing of the hose in the hose beds had caused the accident.

Because King failed to disclose any experts by the district court's deadline, Pierce moved to preclude King from offering any expert testimony at trial. After the district court granted the motion, Pierce followed up with a motion for summary judgment. Pierce argued, inter alia, that it was entitled to judgment on King's negligent design and breach of warranty claims, which could not be proven in the absence of expert testimony. The district court agreed and entered summary judgment for Pierce, ruling that expert testimony was necessary to King's case and that without it the jury would not be able to rely on common knowledge to determine the cause of the accident.[2]

On appeal, King challenges the district court's determination that his claims required presentation of expert testimony. He argues that jurors could find, based on lay knowledge, that the absence of hose restraints in a fire truck constituted a design defect that exposed pedestrians to an unreasonable risk of injury.

In a diversity action such as this one, "whether expert testimony is required is a matter of state law." Beaudette v.

---

[2] The district court further held that King's "argument also founder[ed] on the issues of foreseeability and intervening cause," King v. Pierce Mfg., Inc., No. 13-10150-RGS, 2014 WL 4351599, at *4 (D. Mass. Sept. 2, 2014), matters that we need not address in this opinion, as we rule solely on the basis of expert testimony.

Louisville Ladder, Inc., 462 F.3d 22, 27 (1st Cir. 2006). Under Massachusetts law, both negligent design and breach of warranty claims require proof of a design defect or an unreasonably dangerous condition that existed when the product left the defendant's control. See Enrich v. Windmere Corp., 416 Mass. 83, 87-89 (1993). The presence of a defect, in turn, typically "cannot be inferred in the absence of expert testimony." Id. at 87. Such testimony is required in complex product liability cases in order to mitigate against jury "conjecture and surmise" regarding the cause of the injuries at issue and the relevant standard of care. Triangle Dress, Inc. v. Bay State Serv., Inc., 356 Mass. 440, 441 (1969); see also Hochen v. Bobst Grp., Inc., 290 F.3d 446, 451 (1st Cir. 2002) (applying Massachusetts law).

This case falls squarely within the ambit of the expert-testimony rule. While a fire truck is certainly a common sight on city streets, lay knowledge does not extend to the design of the vehicle's hose bed and the relative propriety of different types of hose restraints. As the Massachusetts Appeals Court has observed in relation to an escalator, "[b]y its nature, [a fire truck] is a complex, technical piece of machinery, whose design and operational requirements are not straightforward. Accordingly, any determination of the dimensions essential to its safe operation is generally beyond the scope of an average person's knowledge."

Esturban v. Mass. Bay Transp. Auth., 68 Mass. App. Ct. 911, 911–12 (2007) (collecting cases).

Unlike in cases involving defects so obvious as to not require expert testimony, jurors here cannot be expected to intuit that a hose stored in a bed equipped with crosslay covers but not redundant hose restraints would be likely to come loose in a manner that threatens pedestrian safety. "Without the aid of an expert in the field, jurors would also be left to speculate about whether alternatively engineered designs might have prevented the accident." Id. at 912. Contra Smith v. Ariens Co., 375 Mass. 620, 625 (1978) ("It is within the knowledge of a jury whether unshielded metal protrusion on the handle bar of a snowmobile constitute a defect in design which creates an unreasonable risk of harm."); Hayes v. Hobart Corp., 7 Mass. App. Ct. 889, 889 (1979) ("It was open to the jury to find on their own examination of the food chopper and photographs thereof that the defendant had been negligent in designing a machine which readily permitted the user's fingers to reach the cutting blades."). Furthermore, where the manufacturer offered various hose-restraint options but the fire department chose not to order them, an average juror would not know who bore responsibility for ensuring that trucks were equipped with adequate restraints.

Given King's obligation to provide expert testimony to support his claim and his failure to offer any before the deadline, we <u>AFFIRM</u> the judgment of the district court.